## UNITED STATES OF AMERICA

v.

## HARVEY BLUMENTHAL, Doing Business as HARRY PETERS, Ltd.

## No. 14,247

### United States Court of Appeals
Third Circuit

### Argued at Christiansted January 28, 1963
### Decided March 20, 1963

*See, also, 315 F.2d 351*

---

[9] Compare Harris v. Municipality of St. Thomas and St. John, 3 Cir. 1954, 3 V.I. 502, 212 F.2d 323.

WILLIAM W. BAILEY, ESQ., BAILEY & WOOD, Charlotte Amalie, Virgin Islands, *for appellant*

ALEXANDER A. FARRELLY, ESQ., Asst. U. S. Attorney, Charlotte Amalie, Virgin Islands, *for appellee*

Before MARIS, WOODBURY and HASTIE, *Circuit Judges*

MARIS, *Circuit Judge*

The defendant appeals from a judgment of the District Court of the Virgin Islands granting the plaintiff restitution of a parcel of real estate in St. Thomas known as Building No. 112-2-1, Bourne Field, which the defendant has occupied as a tenant of the plaintiff, and awarding the plaintiff damages for the detention of the premises. The judgment was entered on motion of the plaintiff. While this motion was entitled a motion for summary judgment under Rule 56(a), Federal Rules of Civil Procedure, the parties did not rely on depositions, admissions or affidavits, but solely on the pleadings. It was, therefore, in reality a motion for judgment on the pleadings under Rule 12(c) and we will so regard it.

█ In considering such a motion by the plaintiff for judgment on the pleadings the question for determination is whether on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law. 2 Moore's Federal Practice p. 2269. Or, to put it another way, the question is whether the facts alleged in the answer are material in the sense that, if proved, they will constitute a legal defense to the plaintiff's claim. As we have seen, the District Court concluded that the plaintiff was entitled to judgment in its favor. On

411

this appeal the defendant urges that the answer raises two factual defenses which, if proved, will defeat the plaintiff's claim and which he is, accordingly, entitled to have an opportunity to prove at the trial. If the allegations of fact to which the defendant refers do amount to defenses which the law recognizes there would, of course, be merit in the defendant's contention. We will, therefore, outline the facts alleged by the pleadings, assuming the allegations of fact in the answer to be true, in order to determine their legal effect.

Thus considered, the facts are these:

The plaintiff is the owner of the property in controversy which it rented to the defendant (who had had a prior lease) on a month-to-month written lease effective March 1, 1961, at a rental of $198 per month plus $6 per month for salt water. The lease, however, was not annexed to the pleadings and its text is not before us. The defendant used the demised premises for operating a clothing manufacturing business. By registered letter of March 2, 1962 the plaintiff notified the defendant to quit and deliver up the demised premises to the plaintiff, which the defendant has not done. The facts alleged in the answer which the defendant claims to constitute a valid defense are that the notice to quit was given "without reason . . . and while renting other similar business properties to other tenants on a similar month to month basis", and that if the defendant is compelled to remove from the premises "he will be irreparably damaged and put out of business because of his inability to secure similar business space in St. Thomas."

The defendant asserts that his eviction under these circumstances is inequitable, unjust, illegal and confiscatory, that it will deprive him of his business without due process or just compensation, and that eviction should be conditioned upon his obtaining similar suitable quarters for his business. He also asserts that the notice to quit did

not comply with applicable law. We do not agree that any of the facts alleged by the defendant would, if proved, be valid defenses to the plaintiff's claimed right to possession of the demised premises.

■■ The fact that the plaintiff gave no reason for its notice to quit and sought to evict the defendant while renting other similar business properties to other tenants on a similar month-to-month basis is said to amount to discrimination against the defendant which was so arbitrary as to deny him due process of law. But the plaintiff, which is here acting in its proprietary rather than its governmental capacity, has the same absolute right as any other landlord to terminate a monthly lease by giving appropriate notice and to recover possession of the demised property without being required to give any reason for its action. Brand v. Chicago Housing Authority, 7 Cir. 1941, 120 F.2d 786, 788; Faris v. United States, 10 Cir. 1951, 192 F.2d 53, 55. And at least in the absence of an allegation of conspiracy or design to injure the defendant or benefit its competitors, and there is no such allegation here, the fact that a landlord is not evicting other tenants holding similar property is of no concern to the tenant whose lease is being terminated and is not a defense to his eviction. Certainly the owner of land is not put to the election of evicting all his tenants or none of them.

The defendant relies upon Rudder v. United States, D.C.Cir. 1955, 226 F.2d 51. That, however, was a case in which the Government did give a specific reason, which the court held to be an invalid one, as the sole basis for the eviction of the defendant from a government housing project. Obviously, action may properly be held to be arbitrary which is admittedly taken on grounds determined by the court to be invalid. But, as we have seen, that is not the present case. We conclude that the facts alleged to show discrimination are immaterial in the sense that if proved they would not establish a legal defense.

■■ The allegations that the defendant's eviction will irreparably damage him and put him out business because of his inability to secure other space in St. Thomas are likewise immaterial. These were risks which the defendant took when he established his business in a building on which he had only a month-to-month lease. He must, therefore, bear the consequences to him of the lawful termination of that lease. For the plaintiff has no duty to provide him with a permanent place in which to carry on his business. The defendant's contention that eviction should be conditioned upon his obtaining suitable quarters elsewhere is not a defense to the entry of a judgment for restitution, although it may be asserted after judgment as a ground for an application to the District Court under 28 V.I.C. § 841 to stay for a fixed period the actual issuance of an order of eviction.

The defendant's contention that the notice to quit did not comply with applicable law was not pressed in argument and in any event we see no merit in it.

Finally, the pleadings raise an issue as to whether the defendant owes the plaintiff damages for detention of the property. The complaint asserts a claim for such damages while the answer asserts that "the rent has been and is tendered in full to date". The judgment awarded damages for detention in the sum of $1026.00, a figure which finds no support in the pleadings. This no longer presents an issue in the case, however, since the United States Attorney, pursuant to our request at the argument of the appeal informed us by letter dated January 29, 1963 that the defendant has paid all rent and charges up to January 31, 1963. This item of damages must accordingly be stricken from the judgment.

The judgment of the District Court will be modified by striking therefrom the award of damages for detention of the demised premises in the amount of $1026.00 and as so modified will be affirmed.