(No. 40796.-

CHICAGO HOUSING AUTHORITY, Appellee, vs. LINDSEY STEWART, Appellant.

*Opinion filed May 29, 1968.*

MARSHALL PATNER, ALFRED R. LIPTON, GEORGE R. BERNS, and MARGARET F. EWING, all of Chicago, for appellant.

KATHERYN M. KULA, LOUIS I. GORDON, CALVIN H. HALL, and IRVIN M. MURRELL, all of Chicago, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

A public-housing tenant appeals from a judgment for possession, entered by the circuit court of Cook County in forcible entry and detainer proceedings. He claims the eviction deprives him of constitutional rights.

It appears that on January 31, 1958, the tenant, Lindsey Stewart, rented a 4½-room apartment in a low-rent housing project, and has remained there ever since. On January 17, 1967, the manager addressed to him the following communication:

"You are hereby notified that because of your repeated rent delinquency, you have been placed on a special list of *CHRONIC DELINQUENT* tenants.

Beginning next month, you will be required to pay your rent on or before the first of each month. In the past your rent has been accepted after Five Days' Notices demanding rent had been served on you and had expired. On these occasions, when your rent was paid, eviction action was stopped.

*IN THE FUTURE, FAILURE TO PAY YOUR RENT ON OR BEFORE THE FIRST DAY OF THE MONTH WILL RESULT IN FINAL TERMINATION OF YOUR TENANCY AND YOU WILL BE EVICTED REGARDLESS OF ANY SUBSEQUENT OFFERS TO PAY."*

On March 10, defendant was served with a termination notice requesting him to surrender his apartment by the end of the month. The notice was in accordance with the terms of the written lease, under which either party had the right to terminate by giving the other at least 15 days notice. Defendant refused to vacate, and the present proceedings were begun the following month, culminating in the judgment for possession. The defendant bases his contention on the fact that no reason or cause for terminating the tenancy was assigned in the notice or the complaint.

There is no merit in defendant's position. The lease was

merely on a month-to-month basis. It does not purport to grant a right to occupy in perpetuity or for a lifetime. By its provisions it is terminable by either party on 15 days notice, with or without stating reasons, and the prescribed notice was duly given here. It is the province of a court to enforce the contract which the parties have made, not to make a new one for them.

Nor is the rule different where, as here, the landlord happens to be a governmental agency. The Housing Authority is acting in a proprietary capacity rather than a governmental one, and has the same right as any other landlord to terminate a monthly lease by giving appropriate notice and to recover possession of its property without being required to give reasons for the action. *United States* v. *Blumenthal,* (3rd cir. 1963) 315 F.2d 351.

It is urged that due process of law precludes an "arbitrary" termination of tenancies such as this. We cannot accept such a contention. It was a condition of granting to defendant these benefits, at public expense, that the occupancy be on a month-to-month basis, and such are the terms upon which defendant took possession. There is nothing arbitrary about requiring a public-housing tenant to vacate at the expiration of his lease, nor does it deny due process of law, or any other constitutional right that reasons for doing so are not specified. (*Housing Authority of The City of Pittsburgh* v. *Turner,* 201 Pa. Super. 62, 191 A.2d 869.) As the Federal court of appeals observed in a similar case: "Any property right acquired by the plaintiffs was circumscribed by the terms and conditions upon which it was founded. True, as tenants, they acquired the right of possession, but this right was limited by the terms of the lease by which such right was obtained. By express provision thereof, either party was entitled to cancellation on fifteen days notice to the other. It is our opinion that this provision with reference to the termination of the tenancy is valid and binding upon plaintiffs in the same manner as

though the lessor had been a private person rather than a Governmental Agency." *Brand* v. *Chicago Housing Authority* (7th cir. 1941), 120 F.2d 786.

Defendant argues further that he is denied equal protection of the law because under the terms of the lease tenants may be evicted "for any reason at all," and that evicting some "for any reason at all" while allowing others to remain is treating persons differently in violation of equal protection of the law. This argument must likewise be rejected. The mere fact that other tenants holding similar property are not being evicted can hardly constitute a defense. "Certainly the owner of land is not put to the election of evicting all its tenants or none of them." (*United States* v. *Blumenthal* (3rd cir. 1963), 315 F.2d 351, 353). In the words of the court in the *Brand* case, "Obviously, the Government can not provide facilities for all families who may be worthy, and it is equally apparent that the Government has a right to determine who it will regard as entitled to its beneficence. The fact that the Government selected plaintiffs as the object of such beneficence does not preclude it from determining at a later time that the purpose of the Act will be better served by the selection of some other family of the same or lower income class." *Brand* v. *Chicago Housing Authority* (7th cir. 1941), 120 F.2d 786, 788-789.

None of the cases relied upon by defendant sustains his position. Like *Chicago Housing Authority* v. *Blackman,* 4 Ill.2d 319, they hold that one cannot be excluded solely upon grounds of membership in a subversive organization or because of some other behavior or characteristic which has come to enjoy constitutional sanction. Thus if the defendant here proved the notice was given solely because he had been exercising some right of association a different question would be presented. But such is not the case. There is no indication whatever in this record that the defendant was being evicted for exercising some constitutionally pro-

tected right. Obviously the court cannot simply *assume* that some kind of unlawful discrimination is present. The mere termination of defendant's lease does not raise a presumption of wrongful conduct on the part of the housing authority. On the contrary it is incumbent upon a tenant or other applicant for public gratuity to prove that his request is denied for unlawful reasons. This the defendant has totally failed to do.

Defendant finally contends he ought to have been given a reason because such a procedure would be good policy, and because a circular from the office of an assistant secretary in Washington to local housing authorities suggested that no tenant be given notice to vacate without being told the reasons and given an opportunity to "reply." Such considerations cannot determine the issue here. In the first place the argument ignores the plain terms and conditions of the lease which provide that the exercise by either party of the right to terminate on 15 days notice "is unqualified and unrestricted, nor need any reason be given therefor." In the second place a mere departmental policy adopted in the interest of good public relations, even if it is not followed in a particular case, can hardly operate to confer upon a month-to-month tenant a legal right to withhold possession upon expiration of the term.

Defendant says "There is no reason why, in an action to recover the premises, the Authority cannot state in the complaint what covenant the tenant has broken." This clearly misconceives the issue. When a lease expires by lapse of time, or when the lessee is notified that the lease will not be renewed for another term, it is immaterial what, if any, covenant has been broken. Obviously the selection of a tenant on a month-to-month basis cannot carry with it a continuing and indefinite right to tenure as long as no covenant is broken.

In the absence of some statutory authority we cannot, on the basis of a mere departmental circular, compel a

housing authority to submit to interrogation and an investigation into its reasons for desiring possession of its property at the expiration of each tenant's lease. Such a holding would be completely unwarranted, and would make unreasonably difficult the carrying out of the policies declared by the legislature.

The judgment of the circuit court of Cook County is clearly correct, and it will be affirmed.

*Judgment affirmed.*