(No. 40796.—

CHICAGO HOUSING AUTHORITY, Appellee, *vs.* LINDSEY STEWART, Appellant.

*Opinion filed September 26, 1969.*

GORDON H. S. SCOTT, GEORGE R. BERNS, and SHERWIN KAPLAN, all of Chicago, for appellant.

KATHRYN M. KULA, LOUIS I. GORDON, CALVIN H. HALL, and IRVIN M. MURRELL, all of Chicago, for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The sole question in this case is whether the plaintiff has given the defendant notification of reasons for the termination of his tenancy and an opportunity to reply to those reasons, as required by a regulation issued by the Department of Housing and Urban Development, prior to giving him notice to vacate.

On January 31, 1958, the defendant entered into a month-to-month tenancy for an apartment in a federally

assisted, low-rent housing project owned and operated by the Chicago Housing Authority. On January 17, 1967, the manager addressed to him the following communication:

"You are hereby notified that because of your repeated rent delinquency, you have been placed on a special list of *CHRONIC DELINQUENT* tenants.

Beginning next month, you will be required to pay your rent on or before the first of each month. In the past your rent has been accepted after Five Days' Notices demanding rent had been served on you and had expired. On these occasions, when your rent was paid, eviction action was stopped.

*IN THE FUTURE, FAILURE TO PAY YOUR RENT ON OR BEFORE THE FIRST DAY OF THE MONTH WILL RESULT IN FINAL TERMINATION OF YOUR TENANCY AND YOU WILL BE EVICTED REGARDLESS OF ANY SUBSEQUENT OFFERS TO PAY."*

On March 10, defendant was served with a termination notice requesting him to surrender his apartment by the end of the month. The notice was in accordance with the terms of the written lease, under which either party had the right to terminate by giving the other at least 15 days notice. Defendant refused to vacate, and forcible entry and detainer proceedings were begun the following month, culminating in a judgment for possession.

The defendant appealed to this court and we affirmed, holding that absent a showing that the tenant was being evicted for exercising some constitutionally protected right neither due process nor the Department of Housing and Urban Development regulation required the plaintiff to furnish the defendant, prior to giving notice to vacate, the reasons for his eviction. (*Chicago Housing Authority* v. *Stewart*, 40 Ill.2d 23.) Following our decision, the United State Supreme Court granted *certiorari*. That court vacated the judgment (*Stewart* v. *Chicago Housing Authority*, 393 U.S. 482, 21 L. Ed. 2d 689, 89 S. Ct. 708, and remanded the case to this court for further consideration in light of *Thorpe* v. *Housing Authority*, 393 U.S. 268, 21 L. Ed. 2d 474, 89 S. Ct. 518.

In *Thorpe* the court held that "housing authorities of federally assisted public housing projects must apply the February 7, 1967, HUD circular before evicting any tenant still residing in such projects on the date of this decision." (393 U.S. 268, 21 L. Ed. 2d at 479, 89 S. Ct. at 522.) We were advised at the time of oral argument on remand of this case that the defendant, at the time *Thorpe* was decided, was still residing in the housing project. Accordingly, under *Thorpe* the action of the plaintiff must meet the requirements of the HUD circular.

The full text of that circular is as follows:

"DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT
Washington, D. C. 20410

Circular
2-7-67

Office of the Assistant Secretary For Renewal
and Housing Assistance

To: Local Housing Authorities
Assistant Regional Administrators for
Housing Assistance
HAA Division and Branch Heads

From: Don Hummel

Subject: Termination of Tenancy in Low-Rent Projects

Within the past year increasing dissatisfaction has been expressed with eviction practices in public low-rent housing projects. During that period a number of suits have been filed throughout the United States generally challenging the right of a Local Authority to evict a tenant without advising him of the reasons for such eviction.

Since this is a federally assisted program, we believe it is essential that no tenant be given notice to vacate without being told by the Local Authority, in a private conference or other appropriate manner, the reasons for the eviction, and given an opportunity to make such reply or explanation as he may wish.

In addition to informing the tenant of the reason(s) for any proposed eviction action, from this date each Local Authority shall maintain a written record of every eviction from its federally assisted public housing. Such records are to be available for review from time to time by HUD representatives and shall contain the following information:

1. Name of tenant and identification of unit occupied.

2. Date of notice to vacate.

3. Specific reason(s) for notice to vacate. For example, if a tenant is being evicted because of undesirable actions, the record should detail the actions which resulted in the determination that eviction should be instituted.

4. Date and method of notifying tenant with summary of any conference with tenant, including names of conference participants.

5. Date and description of final action taken.

The Circular on the above subject from the PHA Commissioner, dated May 31, 1966, is superseded by this Circular.

> s/ Don Hummel
> Assistant Secretary for Renewal
> and Housing Assistance."

The plaintiff argues that the letter dated January 17, 1967, was sufficient notification of its reason for terminating the tenancy and that the 7-week interval between the letter and the notice to vacate was adequate to give defendant "an opportunity to make such reply or explanation as he may wish."

The defendant argues that the letter was only a conditional warning and that there is no evidence in the record that the tenancy was actually terminated because of a delinquency in the payment of rent. Neither the notice to vacate nor the complaint filed in the circuit court contained any reason for the termination, and no testimony was offered as to the reason for the termination. The January 17 letter was, however, admitted into evidence by a *nunc pro tunc* order, the entry of which was stipulated to by the parties subsequent to the trial. It does appear that defendant had failed to pay the subsequent rent in accordance with the requirements of the letter of January 17, 1967, before the notice of termination was served upon him.

Counsel for plaintiff housing authority urges that *Thorpe* is not binding authority insofar as this court is concerned. He cites no persuasive precedent, and it seems clear that his argument is not well taken. While the Supreme Court in *Thorpe* reversed an eviction solely because of failure to comply with the requirements of the HUD circular which was not even in existence at the time the trial court

judgment was entered, it is nonetheless a final judgment of the highest Federal court holding a valid Federal regulation mandatory upon federally assisted housing projects. As such, it is binding upon this court. The decision of this case, therefore, must turn upon whether the housing authority's actions in this case constituted a substantial compliance with the HUD circular. We believe they did.

While defendant suggests that the letter of January 17 was insufficient compliance in that it did not specifically advise him that he was entitled to an "opportunity to make such reply or explanation as he may wish", the circular does not require that he be so specifically advised. The requirement is that "no tenant be given notice to vacate without [first] being told by the Local Authority, in a private conference or other appropriate manner, the reasons for the eviction," and given an opportunity to explain. The January 17 letter specifically informed defendant that because of past rent delinquencies he was being placed on a list of "CHRONIC DELINQUENT tenants"; that his rent must, beginning the following month, be paid on or before the first of the month; and that failure to pay in that fashion would result in eviction regardless of belated offers of payment. We believe the letter was an "appropriate manner" of giving notice, and it was not necessary, in our judgment, that the housing authority specify in that notice when and where an explanation might be made. The tenant had lived in this housing project for some 9 years; certainly it is reasonable to assume that he knew the location in the project of the supervisory personnel or those to whom his rent payments were made. There is no showing that any attempt was made by him, during the 7-week interval between the receipt of the letter and receipt of the termination notice, to contact any housing authority personnel in order to explain his delinquencies.

Defendant also urges the possibility that the termination notice resulted from some cause other than failure to pay

rent. If this were true, of course, the requirements of the regulation would be unmet. But this argument is devoid of support in this record. That the termination notice and eviction proceedings were predicated upon continued rent delinquencies is evident from the introduction into evidence of the January 17 letter regarding this subject. We would be completely unjustified in assuming the eviction was based upon some unannounced reason when all of the existing evidence and indications are to the contrary.

Defendant argues, too, that he was entitled to notice of his right to appear before the authority personnel with counsel if he so desired. It is a sufficient answer to this that neither the HUD circular, nor any other authority of which we are aware, required this.

It is apparent from the circular that the purpose of the regulation is to insure that a tenant is advised, prior to termination of his lease, of the reasons why termination is under consideration. A tenant is thus afforded an opportunity to confer with the housing authority personnel and present such excuses, explanations or justifications as may exist and, perhaps, avoid eviction. This is, in effect, exactly what occurred here. It would, perhaps, have been preferable to have been somewhat more explicit in the letter as to the right to a conference or to present explanations, and to have specifically stated the reason for eviction in the notice of termination. There can, however, be no doubt that defendant knew he would be evicted if nonpayment continued, and he had ample time in which to present explanations; nor can there be any real doubt that subsequent proceedings were for nonpayment. We accordingly hold the proceedings here sufficient.

The judgment of the Cook County circuit court is affirmed.

*Judgment affirmed.*