(No. 41970.-⬛⬛⬛⬛⬛⬛)

CHICAGO HOUSING AUTHORITY, Appellee, v. RUBY
HARRIS, Appellant.

*Opinion filed September 30, 1971.—Rehearing denied Nov. 24, 1971.*

MICHAEL F. LEFKOW, Community Legal Counsel,
of Chicago, for appellant.

KATHRYN M. KULA, LOUIS L. GORDON, CALVIN
H. HALL and IRVIN M. MURRELL, all of Chicago, for
appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion
of the court:

This is an appeal from a summary judgment entered
by the circuit court of Cook County pursuant to an action
in forcible entry and detainer granting the plaintiff,
Chicago Housing Authority, possession of an apartment
occupied by defendant.

In 1962 defendant entered into a month-to-month
tenancy which was automatically renewable for an apart-
ment located in a federally aided, low-rent housing
complex owned and operated by plaintiff. The agreement
provided that the tenancy could be discontinued by either
party upon 15 days written notice prior to such termina-

tion. On or about March 12, 1968, plaintiff notified defendant that she was required to vacate the premises on March 31, 1968. Defendant refused to surrender possession and plaintiff instituted eviction proceedings.

An affidavit was submitted to the trial court by plaintiff's project manager which stated that defendant was advised prior to the notice of termination that her tenancy was being discontinued "because of poor housekeeping and family's anti-social activities and lack of parental supervision." On November 7, 1968 the trial court, in sustaining plaintiff's motion for summary judgment, held that the provisions of the lease agreement had been fulfilled. However defendant was allowed to remain in possession of the premises pending this appeal provided that she continue to pay rent.

Defendant now contends that the trial court erred in granting summary judgment because she was denied due process as a result of plaintiff's failure to grant her request for an administrative hearing to determine the validity of the charges before her tenancy could be terminated for alleged undesirability. To support this position defendant cites *Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 21 L.Ed.2d 474, 89 S.Ct. 518,* and Department of Housing and Urban Development (hereinafter HUD) circulars issued February 22, 1971. In substance the circulars provide, *inter alia,* that "all such dwelling leases shall include provisions *** that any tenant grievance or appeal from management's decision shall be resolved in accordance with LHA [local housing authority] procedures consistent with HUD regulations covering such procedures." (Renewal and Housing Managment Circular, HUD, RHM 7465.8 at 2-4, February 22, 1971.) A subsequent circular outlines various procedures which the housing authority is to follow to satisfy the grievance procedure, *i.e.,* an impartial hearing, composition of the hearing panel, timely notice of the hearing date and hearing regulations, an opportunity for the tenant to

present evidence and confront his accusers, and written notification of the decision. Renewal and Housing Management Circular, HUD, RHM 7465.9, February 22, 1971.

It is readily apparent that the latter circular is mandatory and not merely advisory. "Each local housing authority shall adopt procedures or revise existing grievance procedures to embody, as a minimum, the following standards and criteria." RHM 7465.9 at 2.

Pursuant to Federal law HUD, through one of its agencies, the United States Housing Authority, is vested with general rule-making authority. (42 U.S.C. secs. 1403, 1408 (1964 ed., Supp.V).) To fulfill its delegated responsibilities HUD "has established minimum requirements for Local Authorities *** operating HUD-aided low-rent public housing ***. The basic requirements are set forth in the various contracts *** such as *** the Annual Contributions Contract ***. Supplementary requirements and advisory material for Local Authorities are contained in handbooks, circulars, guides and bulletins issued for the low-rent public housing program ***. Handbooks are the basic series of the system and are used to promulgate permanent policies, procedures and instructions for the low-rent housing program ***. Circulars are used to issue policies and procedures on subject matter which *** is scheduled for eventual consolidation into Handbooks ***." Low-Rent Housing Administration of Program Handbook, HUD, RHM 7401.1 at 1-2, May, 1970.

In *Thorpe* a tenant was evicted pursuant to lease provisions similar to those in the instant case. She appealed and during the pendency of those proceedings a HUD circular was issued which required that a tenant be informed of the reasons for eviction prior to receiving the termination notice and that the tenant be given an opportunity to reply to the charges. The court held that the requirements of the HUD circular requiring this notification procedure were applicable to "any tenant still residing in such projects on the date of this decision." (393

U.S. at 274, 21 L.Ed.2d at 479, 89 S.Ct. at 522.) Thus it is apparent that HUD circulars are to be given retroactive effect even though judgment for possession has been entered against a tenant still residing in federally assisted public housing. In the instant case counsel for defendant has informed us in his oral argument that the defendant is still living in the housing project. Consequently, if the present HUD circulars satisfy the criteria enumerated in *Thorpe,* this court must apply them. *Chicago Housing Authority v. Stewart, 43 Ill.2d 96, cert. denied, 397 U.S. 1000, 25 L.Ed.2d 410, 90 S.Ct. 1147.*

These criteria are satisfied if the obligations between HUD and the local authority, as expressed in the annual contribution contract, are unchanged, and the lease agreement between the tenant and local authority is not substantially infringed. Plaintiff now maintains that the HUD circular (RHM 7465.9) violates these standards.

However, plaintiff has failed to demonstrate any specific infringements upon either the annual contribution contract between HUD and plaintiff or the lease agreement in the instant case. Moreover, plaintiff's contention is specious when viewed in the context of events which transpired shortly before the issuance of the HUD circular now in question.

On February 16, 1971 in Federal district court plaintiff entered into a consent decree which provided substantially similar grievance procedures as those outlined in the HUD circular in cases involving lease terminations for reasons other than nonpayment of rent. *(Shepard v. Chicago Housing Authority (N.D. Ill. 1971), C.C.H. Pov.L. R. par. 12,760.)* Furthermore, in the instant case defendant must still pay rent and conform to the other lease provisions and plaintiff still retains maximum responsibility for management of the housing program. (See *Thorpe v. Housing Authority of Durham, 393 U.S. 268, 21 L.Ed.2d 474, 89 S.Ct. 518.)* Therefore we hold that plaintiff's contention is without merit.

Plaintiff finally argues that the HUD circular is not binding because HUD did not adhere to the requirements set forth in the Administrative Procedure Act. (5 U.S.C. sec. 551 *et seq.*) To support this position plaintiff cites *Hotch v. United States (9th cir.), 212 F.2d 280.* In *Hotch* the court reversed defendant's conviction for violation of an agency regulation despite defendant's actual notice of the rule because there had been neither an announcement of proposed rule making by the governmental agency (5 U.S.C. sec.553(b)) nor notice of the regulation itself published in the Federal Register. 5 U.S.C.sec.552 (a)(1)(D).

In *Thorpe* the court expressed the view that the HUD circular was issued to supplement the annual contribution contract between HUD and the local authority. The Administrative Procedure Act specifically excludes notice where, as here, the proposed rule making involves a matter related to contracts. 5 U.S.C. sec. 553(a)(2).

Moreover, the Administrative Procedure Act states that "except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published." (5 U.S.C. sec. 552(a)(1).) We note that *Hotch* is apparently an expression of the minority viewpoint. Decisions have rejected its rationale when actual notice of an agency rule was proved. *Rodriguez v. Swank, 318 F.Supp. 289; Worrell v. Sterrett, C.C.H. Pov. L.R. par. 10,575; United States v. San Juan (N.D.Ind. 1969), C.C.H. Pov. L.R. par. 10,575; United States v. San Juan Lumber Co., 313 F.Supp. 703,* and cases therein cited.

Therefore, we must ascertain whether plaintiff had actual notice of the HUD circular. "Notice is regarded in law as actual when the person sought to be affected by it knows thereby of the existence of the particular fact in question." *(United States v. Tuteur (7th cir.), 215 F.2d 415, 418.)* HUD distribution procedures provide that each local authority is "to receive appropriate additions and

revisions" of the various HUD handbooks and circulars. (Low-Rent Housing Administration of Program Handbook, HUD, RHM 7401.1 at 4.) Moreover, plaintiff's oral argument in the instant case makes continual references to the circulars issued on February 22, 1971. Thus it is patent that plaintiff had actual notice of these circulars. Consequently, failure to publish the circulars in the Federal Register does not defeat their effect upon plaintiff.

We further note that the validity of the HUD grievance procedure requirements (RHM 7465.9) has been upheld in a recent Federal Court of Appeals decision. *(Glover v. Housing Authority (5th cir.), 444 F.2d 158.)* In *Glover* the court adopted the rationale of *Thorpe* in applying HUD regulations in circumstances analogous to those of the instant case.

Therefore we hold that a tenant in a federally assisted public housing project whose lease is subject to termination because of undesirability must be given an administrative hearing upon request to decide the validity of the charges in accordance with existing HUD regulations. However, our decision does not preclude the local housing authority in the instant case from initiating eviction proceedings if such hearing results in the determination that the charges against the defendant were properly sustained.

For the aforementioned reasons the decision of the circuit court of Cook County is reversed.

*Judgment reversed.*