Dorothy JOHNSON et al., Plaintiffs-Appellants,

v.

ILLINOIS DEPARTMENT OF PUBLIC AID and Peoria Housing Authority, a Municipal corporation, Defendants-Appellees.

No. 71-1600.

United States Court of Appeals, Seventh Circuit.

Argued April 27, 1972.

Decided Sept. 19, 1972.

Paul F. Hayzlett, Peoria, Ill., for plaintiffs-appellants.

William J. Scott, Atty. Gen., Francis T. Crowe, Asst. Atty. Gen., Chicago, Ill., Wilson C. Washkuhn, Edward F. Sutkowski, Peoria, Ill., for defendants-appellees.

Before PELL and STEVENS, Circuit Judges, and LARAMORE,* Senior Judge.

PELL, Circuit Judge.

This is an appeal from the dismissal with prejudice of plaintiffs' second amended petition.

The litigation was initiated in April 1970 by the filing of a petition in the Circuit Court of Peoria County, Illinois, by Dorothy Johnson and Sarita Hines, individually and as representatives of a purported class comprised of public aid recipients residing in housing provided by the Peoria Housing Authority, a municipal corporation (Authority). The only defendant in this suit as originally filed was the Illinois Department of Public Aid (Department). The pleadings sought to compel the Department to increase its rental allotments by an amount sufficient to cover various additional charges (for late payments, dam-

---

* Senior Judge Don N. Laramore of the United States Court of Claims is sitting by designation.

ages or repairs) demanded as additional rent by the Authority.

In August 1970, Eleanor Clark and Alyce Simmons, also tenants, became party-plaintiffs and the Authority was added as a party-defendant. Johnson and Hines, the original named plaintiffs, had been evicted from the rental properties in July 1970. The remaining plaintiffs concede that Johnson and Hines are no longer tenants of the Authority. The addition of the Authority was based upon allegations questioning the validity of the Authority's rental policy with respect to the imposition of additional charges as rent and a purported discriminatory distinction between tenants who receive public aid and those who do not.

At the request of the Authority, the case was subsequently removed from the state court to the United States District Court for the Southern District of Illinois. Both the Department and the Authority then filed motions to dismiss the amended petition. The motions were granted, and the plaintiffs were given thirty days in which to file an amended petition. On January 21, 1971, plaintiffs filed a second amended petition and additional pleadings. The new petition, which is liberally larded with general allegations such as "discriminatory, arbitrary and unconstitutional," "violating the constitutional rights of plaintiffs" and "without procedural safeguards," seeks a declaratory judgment that the Authority's practices violate the constitutional rights of the plaintiffs and an injunction enjoining the Authority from enforcing certain terms of the rental agreement now in use or, in the alternative, ordering the Department to pay such sums as rentals as are computed by the Authority.

The defendants filed motions to dismiss. The plaintiffs filed no opposing motions or memoranda. The district court found that there was no present, actual controversy between the parties justifying declaratory relief and that there was no substantial violation of any constitutional rights, either of the plaintiffs or of other recipients of public aid who reside in public housing provided by the defendant Authority. The district court also found that the plaintiffs' representation of the other tenants would not be in the legitimate interest of such other tenants. Accordingly, the court dismissed the second amended petition with prejudice. This appeal followed.

Since the amended petition was dismissed at the pleadings stage, we accept the plaintiffs' factual allegations in their complaint—insofar as we can ascertain what they are—as true. "An action, especially under the Civil Rights Act, should not be dismissed at the pleadings stage unless it appears to a certainty that plaintiffs are entitled to no relief under any state of the facts, which could be proved in support of their claims." Escalera v. New York City Housing Authority, 425 F.2d 853, 857 (2d Cir. 1970), cert. denied, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91. Therefore, we are not concerned now with the fact that plaintiffs may not be able to adduce competent proof of their factual allegations.

We gather that the plaintiffs are alleging that the Authority imposes additional rental charges on them, pursuant to a lease that they are required to sign, without first giving them a fair and impartial hearing in which to challenge the propriety of the charges. If the plaintiffs fail to pay the charges, they will be subject to eviction. The plaintiffs claim that this practice provides them with no procedural safeguards and thus violates the due process clause of the Fourteenth Amendment to the United States Constitution.

As a secondary matter, the plaintiffs urge that if the Authority can properly collect the additional rental charges, then the Department should be legally required to pay those charges. The plaintiffs seem thereby to be raising some sort of an equal protection argument. We find no merit in this conten-

tion. The plaintiffs also apparently assert that they should be involved in the process of fixing the rentals for the property. We likewise find no merit in this claim. Finally, as a preliminary matter, we agree with the district court that this action is not properly maintainable as a class action.

We assume that the extent of the due process safeguards which the plaintiffs seek is as defined in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and Caulder v. Durham Housing Authority, 433 F.2d 998 (4th Cir. 1970), cert. denied, 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971). The *Caulder* court held that, under the facts in that case, the "state-created, federally-funded, locally-administered" housing authority had to provide the following before evicting a tenant:

> "(1) timely and adequate notice detailing the reasons for a proposed termination, (2) an opportunity on the part of the tenant to confront and cross-examine adverse witnesses, (3) the right of a tenant to be represented by counsel, provided by him to delineate the issues, present the factual contentions in an orderly manner, conduct cross-examination and generally to safeguard his interests, (4) a decision, based on evidence adduced at the hearing, in which the reasons for decision and the evidence relied on are set forth, and (5) an impartial decision maker." *Id.* at 1004.

At the oral argument on this appeal, a question was raised as to whether current Department of Housing and Urban Development (HUD) circulars RHM 7465.8 and 7465.9, issued February 22, 1971, with which the Authority is required to comply, provide the plaintiffs with procedural safeguards sufficient to satisfy the requirements of due process. Apparently the impact of these circulars was not brought to the attention of the district court although that court did not rule on the motion for dismissal until several months after the issue date of the circulars.

The Supreme Court in Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), held that housing authorities of federally-assisted public housing projects must follow the requirements of the February 7, 1967 HUD circular (the predecessor of RHM 7465.8 and 7465.9), which directed housing authorities wishing to evict a tenant to inform him of the reasons for the proposed termination and to give him an opportunity to reply to those reasons. The Court specifically declined to reach the constitutional issue of whether housing authorities must provide the tenants with due process before eviction.

In Glover v. Housing Authority of the City of Bessemer, Ala., 444 F.2d 158, 161 (5th Cir. 1971), the Fifth Circuit noted: "This new regulation [RHM 7465.9] is obviously based on Goldberg v. Kelly, Escalera, and Caulder. The required procedures include a hearing before an impartial official or hearing panel . . . ." *Glover* was another in the line of cases involving the procedural protections to be accorded tenants prior to their eviction from public housing. The court held that the requirements of the HUD circular should apply to all cases still under consideration and that, in light of the HUD regulations, it did not have to resolve the constitutional issue.

The Illinois Supreme Court in Chicago Housing Authority v. Harris, 49 Ill.2d 274, 275 N.E.2d 353 (1971), held that the HUD circulars were valid and were applicable to the Chicago Housing Authority. Because the Authority had denied the tenant's request for an administrative hearing, it reversed the summary judgment entered by the circuit court in the action in forcible entry and detainer. In upholding the validity of the circulars, the court rejected the Authority's contentions that the circulars were not binding because HUD had issued them without adhering to the require-

ment as set out in the Administrative Procedure Act, 5 U.S.C. § 551 et seq., and that they infringed existing contracts. Therefore, in Illinois, housing authorities, including defendant Peoria Housing Authority, under usual circumstances presumably would be required to comply with HUD circulars RHM 7465.8 and 7465.9.

However, it has been brought to our attention that the United States District Court for the District of Nebraska, on February 10, 1972, held the circulars to be invalid and enjoined their implementation by the Secretary of HUD. Housing Authority of City of Omaha v. United States Housing Authority, 54 F.R.D. 402 (D.Neb., 1972).[1] HUD had acted beyond the scope of its powers, the court decided, in requiring the housing authorities to comply with the circulars upon pain of financial deprivation.

An examination of the circulars convinces us that if they are held applicable to and binding upon the defendant Authority, they would be dispositive of any due process claim that the plaintiffs might have. The matter, however, has not been fully argued and presented to us. Because of the uncertainty surrounding their legal effect at this time and because of the existing injunction against their implementation, we will examine the merits of plaintiffs' contentions without regard to the circulars.

■ We do not agree with the defendants' argument that tenancy in public housing is a privilege, not a right, and as such can be terminated at the will of the Authority, without regard to the tenants' constitutional rights. As was stated in *Escalera, supra*, 425 F.2d at 861, "[n]or is it conclusive in the consideration of appellants' constitutional claims to argue that there is no constitutional right to continue living in public housing projects. . . . The government cannot deprive a private citizen of his continued tenancy, without affording

him adequate procedural safeguards even if public housing could be deemed to be a privilege." [Citations omitted.]

■ However, we do agree with the defendants (and the district court) that there is no present, actual controversy between the parties for the purposes of a declaratory judgment. The situation as to the two original plaintiffs is moot, and we are in effect being asked to adjudicate on the uncertain basis that some tenants might in the future be evicted under the lease arrangement here involved. Our examination of the Illinois Forcible Entry and Detainer Act, Ill.Rev. Stat. ch. 57, § 1 et seq., indicates that it adequately provides the remaining plaintiffs with procedural due process.

■■ Section 5 of the Illinois statute provides in part: "The defendant may under a general denial of the allegations of the complaint give in evidence any matter in defense of the action. No matters not germane to the distinctive purpose of the proceeding shall be introduced. . . ." This statute has been held to allow equitable defenses such as civil rights violations or unconscionable contracts to be raised. Rosewood Corp. v. Fisher, 46 Ill.2d 249, 263 N.E.2d 833 (1970), appeal dismissed and cert. denied, Burton v. American Nat. Bank & Trust Co., 401 U.S. 928, 91 S.Ct. 924, 28 L.Ed.2d 209 (1971). See also Jack Spring, Inc. v. Little, 50 Ill.2d 351, 280 N.E.2d 208 (1972). In addition, noncompliance with HUD circulars applicable to federally-funded local housing authorities is a defense in an eviction proceeding even though the lease is for a month-to-month tenancy and can be terminated without cause on 15 days' notice. Chicago Housing Authority v. Daughrity, 270 N.E.2d 613, 616 (Ill.App.Ct. 1971). See Chicago Housing Authority v. Stewart, 43 Ill.2d 96, 251 N.E.2d 185 (1969), cert. denied, 397 U.S. 1000, 90 S.Ct. 1147, 25 L.Ed.2d 410 (1970), and Chicago Housing Authority v. Harris, 49 Ill.2d 274, 275 N.E.2d 353 (1971).

1. The case has been argued on appeal in the Eighth Circuit.

We see no reason for a tenant not to raise the propriety of the additional charges in state court proceedings, if such proceedings should occur.

Basically, however, the uncertainty that such eviction proceedings will ever occur causes us to deem the present matter an abstract question rather than an actual controversy. *Cf.* Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

■ We have attempted to find the "wheat" among the confused and broad allegations of invasions of constitutional rights. We are fortified in the result we have reached by noting that the state forcible entry and detainer statute has been construed by the state courts so as to permit the determination in the state courts of the propriety of the additional charges without the necessity of the federal courts being required to resolve the claimed federal constitutional questions. *See* Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). Insofar as our opinion rests upon principles of abstention, we observe that the United States Supreme Court has expressed the opinion that "[i]t is better practice, in a case raising a federal constitutional or statutory claim, to retain jurisdiction, rather than to dismiss. . . ." Zwickler v. Koota, 389 U.S. 241, 244 n. 4, 88 S.Ct. 391, 393 n. 4, 19 L.Ed.2d 444 (1967). Here, however, it is uncertain when, or if, any of the tenants will actually be involved in state court eviction proceedings. Therefore, we cannot say as a matter of law in the case before us that the district court should have retained jurisdiction rather than dismissing the suit as it did. *See* Devlin v. Sosbe, 465 F.2d 169 (7th Cir., 1972).

We find it unnecessary to reach other issues which the plaintiffs have attempted to raise.

In accordance with the views expressed herein, the judgment of the district court is affirmed.

Affirmed.