143 N.J. Super. 231 (1976)
362 A.2d 1254
HOUSING AUTHORITY OF THE CITY OF PASSAIC, PLAINTIFF-RESPONDENT,
v.
JULIO TORRES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 26, 1976.
Decided August 4, 1976.
*233 Before Judges KOLE and LARNER.
Mr. James M. Larsen argued the cause for appellant.
Mr. Matthew J. Michaelis argued the cause for respondent (Mr. August C. Michaelis, attorney).
The opinion of the court was delivered by LARNER, J.A.D.
This is an appeal from a judgment of possession in a summary dispossess action based upon nonpayment of rent for the month of August 1975. Execution of the warrant of removal was stayed pending this appeal.
Defendant was a tenant in a public housing project owned and operated by the Housing Authority of the City of Passaic pursuant to the provisions of the United States Housing Act, 42 U.S.C.A. § 1401 et seq. The Authority is financed in part by the Federal Government through the United States Department of Housing and Urban Development (HUD) and is therefore subject to the federal statutes relating to HUD and the rules and regulations of that agency.
At the commencement of the rental defendant paid a monthly rent of $124 which was calculated on the basis of 25% of his income in accordance with the legislation applicable to such housing. Defendant continued to pay that sum monthly until July 1975 when he became disabled and *234 unemployed. Thereafter he and his family depended on income from other sources which would have permitted a maximum monthly rental of $74 under the 25% statutory formula.
The record reflects the undisputed facts that defendant's income was reduced to the extent stated and that he notified the Authority of this in the middle of July 1975. The sole point of disagreement between the parties is whether the Authority was compelled to make an interim adjustment of rent in the month following notification of the reduction in income or whether it can legally apply its local policy of regular rental reexaminations at an initial interval of 18 months and every 12 months thereafter.
Nothing was presented to the trial judge by way of statute or HUD regulations which mandated a monthly interim rent adjustment. As a consequence the judge entered a judgment of possession on uncontradicted proof of failure of defendant to pay the subsisting rent.
For the first time on appeal defendant submits and relies upon HUD Circular RHM 7465 dated 4/24/1970 and distributed to all Housing Authorities within its jurisdiction in the form of questions and answers as follows:

INTERIM ADJUSTMENTS OF RENT
14. Q. After the initial adjustment of tenants' rents, is it necessary to make interim adjustments in rent based on reports by tenants of decreases in their family income?
A. Yes. Interim adjustments will be necessary for tenants affected by the 25% statutory limitation on rents.
Any tenant who has a decrease in income and who applies for a decrease in his rent shall be given an appropriate adjustment, and until the next reexamination must report all increases in his family's income.
15. Q. Is verification of reported decreases in family income required prior to making decreases in rent?
A. Yes.
16. Q. Are future rent adjustments always to be made for full months?
A. Yes, except for moveouts and moveins, which may occur at the beginning of a month.
*235 17. Q. Is the interim adjustment to be effective the first of the month in which it occurs or the first of the month following?
A. Both increases and decreases shall be made effective the first of the month following the month in which the change occurs.
The Authority urges that this Circular does not have the binding effect of law and is merely advisory in nature, subject to the ultimate power of the local authority to adopt its own policy consistent with the controlling statute.
HUD Circulars have been applied as binding upon local housing authorities in New Jersey in Bayonne Housing Auth. v. Isler, 127 N.J. Super. 568 (App. Div. 1974), and Lee v. Elizabeth Housing Auth., 119 N.J. Super. 72 (Cty. D. Ct. 1972), although the legal effect of such a circular was not a direct or disputed issue therein.
Nevertheless, the United States Supreme Court has made it clear that HUD issued a "Low-Rent Management Manual" pursuant to its general rule-making power granted by Congress (42 U.S.C.A. § 1408), which contains minimum requirements that supplement the contributions contract applicable to project management. Circulars are issued from time to time with the same force and effect as the contents of the Manual before they are physically incorporated therein. Thorpe v. Housing Authority of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474, 480 (1969).
Thus, the Circular involved in this litigation is a mandatory regulation as binding on the local housing authority as a "regulation" adopted pursuant to legislative authority or as the legislative provisions themselves. Ibid. See also Housing Authority of Milwaukee v. Mosby, 53 Wis.2d 275, 281, 192 N.W.2d 913, 916 (Sup. Ct. 1972); Chicago Housing Authority v. Harris, 49 Ill.2d 274, 275, 275 N.E.2d 353, 354 (Sup. Ct. 1971). And since the Circular has the force of law, we are compelled to take cognizance of it on appeal despite the fact that it was not submitted in any manner to the trial court.
*236 As the excerpt from the Circular reveals, the Authority was required to make interim adjustments in rents consistent with reduction in income and to effectuate the adjustment on the first of the month following notification of the change and appropriate verification. This mandate supersedes any local policy adopted by the Authority through its own resolution or otherwise. In the case of defendant, the Authority failed to comply and insisted upon payment of the original rent of $124 for the month of August, an amount which was not legally due if the Authority had acted pursuant to the law relating to its management.
The judgment of possession, founded upon a default in payment of rent, was improvidently entered in view of the fact that the amount claimed was not legally owing on August 1. Plaintiff urges that it was entitled to judgment regardless of the amount of rental due and owing, and furthermore that this court is without jurisdiction to consider this appeal.
The jurisdiction of the county district court is bottomed upon a showing that there was a default in payment of rent (N.J.S.A. 2A:18-53). This in turn included proof that the amount of rent alleged to be in default is due, unpaid and owing. Levine v. Seidel, 128 N.J. Super. 225, 229 (App. Div.), certif. den. 65 N.J. 570 (1974). Failure to establish that the amount claimed is legally owing deprived the county district court of jurisdiction to enter a judgment for possession. Marini v. Ireland, 56 N.J. 130, 139 (1970). And, as a consequence, the entry of such a judgment is appealable on the ground of lack of jurisdiction. N.J.S.A. 2A:18-59. See Levine v. Seidel, supra, Vineland Shopping Center, Inc. v. De Marco, 35 N.J. 459 (1961); Marini v. Ireland, supra, 56 N.J. at 138.
Reversed. Judgment for possession and warrant for removal are vacated.