**JOYCE O. HODGE, Plaintiff**

**v.**

**STEDMANN HODGE, Defendant**

Civil No. 363/1967

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 21, 1977

■

VICTOR G. SCHNEIDER, ESQ., St. Thomas, V.I., *for plaintiff*

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

This case raises the issue as to whether discovery can be conducted in support of a motion to compel compliance with a final divorce decree and in opposition to a motion to modify that decree. Joyce O. Hodge, the plaintiff, was granted a divorce on January 23, 1969. Pursuant to the decree, she was granted custody of the parties' two minor children, was awarded one hundred ($100) per month child support until further order of the court, and the parties were ordered to transfer their jointly owned real estate to the husband in trust for the two minor children in accordance with the terms and conditions of the trust agreement to be entered into by the parties. By the terms of that agree-

ment[1] the defendant, in his capacity as trustee, was to manage the property, maintain a bank account for the rents collected, and make periodic accountings. The defendant was granted the right to occupy one apartment rent free. It was further agreed that all improvements of the property were to inure to the benefit of the children and that the purpose of the trust was to provide for the higher educational needs of the children.

On June 20, 1975, nearly six years after the divorce decree, plaintiff filed a "petition for increase in support." On July 28, 1975, defendant, through his present counsel, served interrogatories on plaintiff, which were duly answered on August 6, 1975.[2] After a hearing on the matter, the court on September 29, 1975, amended the divorce decree, increasing the defendant's child support payments to $170 per month.

On April 12, 1977, plaintiff filed a motion to compel compliance with the amended decree. She alleged, among other things, that the trust agreement was never executed, that the defendant breached the trust by failing to deposit the rental proceeds in a trust account for the children, that the defendant failed to make a proper accounting for the income and expenses of the premises for the years 1971 to 1977, and that he failed to take into account the fair rental value of his apartment for the years 1969 and 1970 when he did provide plaintiff with an accounting. Defendant, on the other hand, opposes the motion to compel compliance with decree and has filed a cross motion to modify the decree. He admits that the trust agreement never was executed, but denies that he has breached any duty of trust to the minor children and contends that he has made consistent annual accountings.

[1] The agreement itself was never reduced to writing, but its terms were read into the record by the attorney for the plaintiff on January 17, 1969, the day the action for a divorce came on for trial.

[2] Not surprisingly, defendant makes no mention of this fact in now opposing plaintiff's discovery efforts.

On May 10, 1977, plaintiff served 24 interrogatories on defendant. He steadfastly has refused to answer them solely on the ground that they do not relate to a "pending action" within the meaning of Rules 26(b) and 33(b) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rules 26(b), 33(b). Consequently, plaintiff filed a motion to compel answers.

 Rule 33 of the Federal Rules of Civil Procedure provides:

Interrogatories may relate to any matters which can be inquired into under Rule 26(b) . . . .

5 V.I.C. App. I Rule 33. Rule 26(b) provides:

Parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action . . . .

5 V.I.C. App. I Rule 26. It is clear that the procedures envisioned by the Federal Rules, including those dealing with discovery, are as equally applicable to domestic relations matters as to other civil matters that come before this court, 5 V.I.C. App. V Rule 10. In 4 Moore's Federal Practice ¶ 26.71, at 26–96 (2d ed. 1972) it is said:

No type of action, within the coverage of the Federal Rules, is excepted from the operation of Rules 26 through 37 (Discovery).

██ ██ The purpose of discovery is to narrow the issues for trial. Pierce v. Pierce, 5 F.R.D. 125 (D. D.C. 1946). Moreover, in conformity with the liberal philosophy of the Federal Rules, doubts generally are resolved so as to permit discovery absent a showing of good cause to the contrary.

The district court has a broad discretion in deciding whether to require answers to interrogatories. Whether the matter is brought to the attention of the court by a motion for a protective order under Rule 26(c) or by a motion under Rule 37(a) to compel answer to interrogatories that have been objected to, discovery will

be allowed unless the court is satisfied that the administration of justice will be impeded. The burden is upon a party objecting to interrogatories or seeking a protective order to show why discovery should not be permitted.

8 Wright & Miller: Civil § 2176, at 557. In addition, there is no inherent or apparent reason to limit discovery strictly to pretrial procedure when, in an appropriate case, it may serve the interests of justice in a post judgment proceeding as well. In U.S. v. McWhirter, 376 F.2d 102 (5th Cir. 1967), it is said

The discovery provisions of the Federal Rules of Civil Procedure were designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed. That basic philosophy applies with equal force whether the information is sought in a pretrial or in a post judgment discovery proceeding.[3]

Id. at 106.

As pointed out, defendant objects to the interrogatories on the ground that they do not relate to a "pending action" within the meaning of Rule 26(b). He contends that

[t]he instant divorce action is no longer pending because a final decree has been rendered. Therefore the interrogatories as propounded by the plaintiff are not related to a pending cause of action and have no legal force or effect. . . . The divorce trial having been terminated, any interrogatories to inform either party should be propounded in a separate action, such as during the pendency of a Partition action.[4]

It is the court's conclusion, however, that the defendant has mischaracterized the nature of this proceeding. While it is true that the divorce action no longer is pending, a

---

[3] Although it is true that the court there was considering the construction to be given former Rule 69, and more specifically the arsenal of discovery procedures available to a party seeking execution of a judgment, the language and rationale employed by the court is comprehensive. To paraphrase the court, the liberal construction to be afforded the rules applies with equal force whether the information is sought in an action on execution or, as in the present case, in an action for modification or enforcement of a divorce decree.

[4] Defendant's Supplemental Memorandum of Law, pg. 2, filed August 16, 1977.

final decree to that effect having been rendered, it also is true that the present action in no way concerns the divorce. Instead, the pending proceeding grows out of the alleged failure of the defendant to meet his obligations under paragraph 5 of the decree of January 23, 1969, which paragraph is concerned solely with the real property of the parties to be held in trust for their two minor children. No citation need be adduced for the proposition that a divorce decree is entirely different from a decree providing for alimony, custody, or child support.[5] The former is of relative permanency while the latter contemplates the continuing jurisdiction of the court to grant modifications of prior orders. Moreover, Virgin Islands law specifically contemplates this in 16 V.I.C. § 110, which provides for modification of final orders as they relate to alimony, the appointment of trustees, the care or custody of minor children, or the nurture or education of such children.

In Lorillard v. Lorillard, 5 V.I. 483, 358 F.2d 172 (3d Cir. 1966), the court found that the amount of support to be given in the future is almost universally subject to modification by the court in light of the changing circumstances of the parties.[6] In Cox v. Cox, 8 V.I. 543, 457 F.2d 11.90 (3d Cir. 1972), the Third Circuit held that a Virgin Islands court retains continuing in personam jurisdiction for child support claims over the parties to a Virgin Islands divorce decree, notwithstanding their subsequent removal to another jurisdiction.[7]

■ In the present posture of the case as discussed

---

[5] The Ninth Circuit, for example, has characterized the allowance of alimony as "incidental to" the divorce procedure. Goggans v. Osborne, 237 F.2d 186, 189 (1956), cited with approval by Judge Hastie in Viles v. Viles, 4 V.I. 409, 315 F.2d 351 (3d Cir. 1963).

[6] A modification of a previous support order is an application of the substantative powers of the court over the parties. No reason appears why the court may not also apply its rules of procedure.

[7] If the jurisdiction of the court is "continuing" then may it not also be deemed as "pending" for the purposes of the Federal Rules of Civil Procedure.

above, plaintiff prays for enforcement of defendant's duties and obligations as trustee in accordance with the terms of paragraph 5 of the January 23, 1969, decree or, in the alternative, her appointment as trustee. The defendant meanwhile asks the court to delete paragraph 5 entirely. As such, defendant's cross motion is bottomed on 16 V.I.C. § 110, which empowers this court to entertain motions to modify final orders. Thus, this court finds that this is an action that is "pending" within the meaning of Rule 26(b), 5 V.I.C. App. I Rule 26 and that the parties may utilize the discovery provisions of the Federal Rules. No valid reason appearing to the court as to why the plaintiff's interrogatories should not be answered, and the court being satisfied that they will aid in disposition of this action it is hereby

ORDERED that plaintiff's motion to compel answers to interrogatories is granted and defendant shall answer the plaintiff's interrogatories within 20 days from the date of this order.