609 A.2d 54

IVY HILL PARK APARTMENTS, PLAINTIFF–RESPONDENT, CROSS–APPELLANT, v. PHYLLIS SIDISIN, DEFENDANT– APPELLANT, CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 27, 1992—Decided June 29, 1992.

20

Before Judges PRESSLER, SHEBELL and D'ANNUNZIO.

*Joseph Cozzi* argued the cause for appellant and cross-respondent.

*Harold Goldman* argued the cause for respondent and cross-appellant.

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

In this summary dispossession action brought for non-payment of rent under *N.J.S.A.* 2A:18–61.1a., the trial court determined that defendant had failed to pay as additional rent under the lease $1,640 in damages to the plaintiff's property. The court determined that defendant had flushed cat litter down the toilet, that the litter had caused a blockage in the building's sewer line and that the blockage and resulting flood had caused the damage. The court also determined that the damage was the result of defendant's negligence.

The lease provided for additional rent in paragraph 8, as follows:

> Tenant shall at his own cost and expense take good care of the premises and shall repair to the satisfaction of the Landlord all damage and injury thereto, resulting from misuse or neglect and at the end or other expiration of the term deliver up the premises in good order and condition. All injury caused by moving any property into, in or out of the building and all damage caused by overflow or escape of water, gas, steam, electricity or other substance due to the negligence of the Tenant or his family, agents, servants or visitors, shall be repaired by the Landlord at the Tenant's expense. *The cost thereof shall be determined on statements rendered by Landlord to Tenant and the sum so determined shall be payable to Landlord upon delivery of such statement,*

*and if not paid within 10 days thereafter, the same shall become so much additional rent for the succeeding month, payable with the installment of rent next becoming due, and collectable as such.*

Defendant's base rent was $302.39 per month. The additional $1,640 in damages escalated defendant's rent to $1,942.39 for the month after defendant had become ten days in arrears of her obligation to pay damages.

Defendant now appeals from a judgment for possession, contending that the finding that she had been negligent was contrary to the weight of the evidence and that the additional rent was not lawfully "due and owing" because it was imposed in violation of the rent control ordinance of the City of Newark.[1]

Defendant's contention that the finding of negligence is not supported by the evidence is clearly without merit. *R.* 2:11–3(e)(1)(A). We conclude, however, that the additional rent was not authorized in the rent control ordinance and, therefore, it was not due and owing as rent.

The ordinance provides in § 15:9B–15:

No landlord shall after the effective date of this chapter charge any rent in excess of what he was receiving from the effective date of this chapter *except for increases authorized by the chapter.* [Emphasis added.]

The ordinance defines rent in § 15:9B–2:

Rent means the consideration, including any bonus, benefits or gratuity demanded or received for or, in connection with, the use or occupancy of housing space or the transfer of a lease of such housing space, including but not limited to monies demanded or paid for parking, pets, the use of furniture, subletting, security deposits and damage and cleaning deposits.

Section 15:9B–3 provides:

The establishment of rents between a landlord and tenant in all housing spaces shall hereafter be determined by the provisions of this chapter. At the expiration of a lease or at the termination of the lease of a periodic tenant, no landlord may request or receive a percentage increase in rent which is greater

---

[1]Defendant does not contend that damages cannot constitute rent within the meaning of *N.J.S.A.* 2A:18–61.1a. *See Fargo Realty, Inc. v. Harris,* 173 *N.J.Super.* 262, 265–267, 414 *A.*2d 256 (App.Div.1980) (tenant's failure to pay damages defined as rent in lease entitles landlord to judgment for possession).

than 5% for dwellings of 49 units or less, or 4% for dwellings of 50 units or more, without first petitioning the rent control board.

The rents for any housing space shall not be increased more than the percentages seated above in any consecutive 12-month period irrespective of the number of different tenants occupying said housing space during said 12-month period, any change of ownership of the landlord or vacancy of the housing space.

The ordinance also provides that it "shall be liberally construed to effectuate the purposes thereof" Section 15:9B–19.

We begin with the uncontroverted fact that plaintiff, the landlord, has defined damages as "additional rent" in its lease and has characterized the damages as rent under *N.J.S.A.* 2A:18–61.1a. We are reluctant to permit plaintiff to establish jurisdiction under *N.J.S.A.* 2A:18–61.1a by characterizing certain damages as rent and in the same proceeding to deny that the charge sought to be enforced is rent under the rent control ordinance.

█ We also note that the ordinance's definition of rent, liberally construed, is broad enough to include plaintiff's damages claim. Among other things, rent is defined as "the consideration ... demanded ... for, or in connection with, the use or occupancy of housing space." Rent also includes "monies demanded ... for ... damage and cleaning deposits." Plaintiff's characterization, in its lease, of its entitlement to damages as "so much additional rent for the succeeding months ... and collectable as such" seemingly qualifies under the ordinance as money demanded for the "use or occupancy of housing space."

Other sections of the ordinance are instructive regarding probable legislative intent. Section 15:9B–5 authorizes the landlord to impose a tax surcharge occasioned by increased property taxes, but only after an orderly procedure and approval by the rent control board. Payment of the surcharge is in "equal monthly payments" over a twelve-month period. Tax decreases are to be passed on to the tenant, but control board approval is not required. Section 15:9B–6.

Similarly, § 15:9B–16 authorizes surcharges, subject to the approval of the rent control board, when certain utility expenses have increased more than 10% over the previous twelve-month period. However, this surcharge shall not exceed 15% for apartments containing 30 or fewer units, 5% for apartments with between 31 and 200 units and 3% for apartments with 201 units or more. The ordinance also authorizes rental increases for capital improvements, § 15:9B–7, and for "landlord hardships," § 15:9B–8. The ordinance does not authorize rent increases based on damages caused by a tenant. However, there is an absolute prohibition against rental increases "exceeding 25% in any one year for any tenant." Section 15:9B–21. The limit was imposed because the municipal legislature recognized that "an immediate rent increase of more than 25% above the prior monthly rent may be considered unconscionable and impose a hardship on a tenant."

Newark's ordinance creates a comprehensive scheme for the control of consideration demanded for the use and occupancy of housing space. In those circumstances in which increased rents are permitted, the ordinance resorts to caps and oversight by the rent control board. Moreover, the ordinance recognizes that immediate increases in the amounts tenants are required to pay exceeding 25% are "unconscionable and impose a hardship." In the present case, the landlord has imposed an increase from one month to another of approximately 600%, in default of which the tenant has been dispossessed.

Liberally construing the ordinance, we conclude that collection of the damages in this case as rent under the lease violates the rent control ordinance and, therefore, the court lacked jurisdiction to enter a judgment of possession under *N.J.S.A.* 2A:18–61.1a. *See Chau v. Cardillo,* 250 *N.J.Super.* 378, 384, 594 *A.*2d 1334 (App.Div.1991); *Housing Auth. of Passaic v. Torres,* 143 *N.J.Super.* 231, 236, 362 *A.*2d 1254 (App.Div.1976).

Plaintiff also had sought a judgment for possession based on *N.J.S.A.* 2A:18–61.1c, which authorizes dispossession when the

tenant "has wilfully or by reason of gross negligence caused or allowed destruction, damage or injury to the premises." Plaintiff has also appealed from the judgment dismissing this complaint contending that the trial court erred in "holding that the acceptance of November and December rents ... constituted a waiver of Ivy Hill's rights to obtain a judgment for possession." We conclude that the issue is moot because the trial court also determined that defendant had not acted willfully or committed an act of gross negligence, a ruling not challenged by plaintiff on its cross appeal.

The judgment for possession is reversed.