900 A.2d 320 (2005)
386 N.J. Super. 246
Wanda SUDERSAN, Plaintiff-Respondent,
v.
Diane ROYAL, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted November 28, 2005.
Decided December 23, 2005.
*321 Sonia Bell, Camden, for appellant (South Jersey Legal Services; Ms. Bell, on the brief).
No brief was filed on behalf of respondent.
Before Judges LINTNER and PARRILLO.
The opinion of the court was delivered by
PARRILLO, J.A.D.
Defendant, Diane Royal, appeals from a summary dispossess order of the Special Civil Part, evicting her for non-payment of rent. As a recipient of a federal housing subsidy, defendant argues that her eviction was for failure to pay water and sewage bills, which, by virtue of preemptive federal law, cannot be considered as rent and, therefore, cannot serve as the basis for a summary dispossess action for non-payment of rent. We agree, and reverse.
The facts are not in dispute. In June 2003, defendant moved into rental property at 1146 Everett Street in Camden pursuant to a one-year lease agreement executed on May 9, 2003, with the landlord, plaintiff, Wanda Sudersan. The lease was subsequently amended to include utility charges as "rent".
From the outset of her tenancy, defendant was a participant in the Section 8 Housing Choice Voucher Program, a federal housing subsidy program created pursuant to the United States Housing Act, 42 U.S.C.A. §§ 1437 to 1437z-7, to assist low-income families with affordable housing. The program is administered in this State by New Jersey's Department of Community *322 Affairs (DCA), under the auspices of the Department of Housing and Urban Development (HUD). HUD allocates funds to local public housing agencies (PHAs) throughout the nation to administer the Section 8 program, and promulgates rules for its operation. In compliance with applicable regulations, the local PHA enters into a Housing Assistance Payments (HAP) contract with a property owner on behalf of an eligible family and agrees to subsidize the rental payment. Under the terms of this program, eligible low-income tenants pay a portion of the monthly rent for their leased premises, which is set according to their income. Thus, in accordance with federal law, the eligible tenant's portion is capped at a maximum of approximately 30% of the participating family's income. 42 U.S.C.A. § 1437f(o)(2)(A). Tenant contributions to the rent must be adjusted if the household income fluctuates. 42 U.S.C.A. § 3544(b); 42 U.S.C.A. § 1437f(o)(5)(B). Consistent with the goals of the program, the tenant portion of the rent is capped to ensure that decent, suitable housing is affordable for the assisted low-income family, thereby promoting economically mixed housing. 42 U.S.C.A. § 1437f(a).
In this case, the Section 8 subsidy was tenant based, meaning that should defendant move from the unit, the subsidy remains with her, and not the property. Here, defendant's income was low enough to qualify for a full rent subsidy of $818 per month. In other words, 100% of her rent was paid by the Section 8 subsidy program. Thus, even if actual rent was outstanding, defendant would not be responsible for non-payment on the part of the Section 8 program. 24 C.F.R. 982.310(b).
On the other hand, defendant was responsible for utility charges that by virtue of the lease addendum were considered additional rent. When she defaulted on that obligation, on September 2, 2004, plaintiff filed a summary dispossess action against defendant for non-payment of rent pursuant to N.J.S.A. 2A:18-61.1a, alleging outstanding water and sewage charges totaling $490.00. On the date of the hearing, defendant, through counsel, argued that notwithstanding the lease agreement, the utility charges, which she did not dispute, were not "rent" in a Section 8 tenancy, and, therefore, under federal law she could not be evicted for non-payment of rent because her portion of the rent owed was fixed at zero. The Special Civil Part judge disagreed, and in light of the undisputed utility charges outstanding, he awarded judgment of possession in favor of plaintiff. A warrant of removal was issued and defendant was locked out of the property on November 16, 2004. She has since relocated, apparently to other Section 8 housing.
Ordinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot. See Ctr. Ave. Realty, Inc. v. Smith, 264 N.J.Super. 344, 347, 624 A.2d 996 (App.Div.1993). Here, however, the eviction carries residual legal consequences potentially adverse to defendant. That is, a tenant's federal subsidy may be revoked if that tenant "has been evicted from federally assisted housing in the last five years." 24 C.F.R. 982.552(c)(ii). In this regard, we have been advised at oral argument that defendant has since been noticed of a proposed termination of her Section 8 subsidy due to the eviction. In light of the risk to her Section 8 subsidy and the public importance of the issue generally, we decline to dismiss the appeal as moot. John F. Kennedy Mem'l Hosp. v. Heston, 58 N.J. 576, 579, 279 A.2d 670 (1971).
In New Jersey, the trial court has jurisdiction to enter a judgment of *323 possession only if the landlord can demonstrate one of the statutorily enumerated "good cause" grounds for eviction. N.J.S.A. 2A:18-61.1; see also Franklin Tower One, L.L.C. v. N.M., 304 N.J.Super. 586, 592, 701 A.2d 739 (App.Div.1997), aff'd, 157 N.J. 602, 725 A.2d 1104 (1999). A landlord has the burden of proving "good cause," Vill. Bridge Apt's v. Mammucari, 239 N.J.Super. 235, 240, 570 A.2d 1301 (App.Div.1990), and the failure to meet this burden "is sufficient ground to warrant dismissal for lack of jurisdiction." Marini v. Ireland, 56 N.J. 130, 138, 265 A.2d 526 (1970).
Good cause to evict exists where "[t]he person fails to pay rent due and owing under the lease whether the same be oral or written." N.J.S.A. 2A:18-61.1(a). This provision provides in pertinent part:

No lessee or tenant ... may be removed by the Superior Court from any house, building, mobile home or land in a mobile home park or tenement leased for residential purposes ... except upon establishment of one of the following grounds as good cause:

a. The person fails to pay rent due and owing under the lease whether the same be oral or written.
[N.J.S.A. 2A:18-61.1(a) (emphasis added).]
Under this provision, rent must be "due, unpaid and owing" in order to be collectable in a non-payment case. Hous. Auth. of Passaic v. Torres, 143 N.J.Super. 231, 236, 362 A.2d 1254 (App.Div.1976). Moreover, in New Jersey, parties to a residential lease may "define rent as they choose." Fargo Realty, Inc. v. Harris, 173 N.J.Super. 262, 266, 414 A.2d 256 (App.Div.1980). New Jersey courts long have held that parties to a residential lease may treat utility charges, attorneys' fees and other costs related to an eviction as "additional rent." Cmty. Realty Mgmt., Inc. v. Harris, 155 N.J. 212, 234, 714 A.2d 282 (1998). See also Fargo Realty, supra, 173 N.J.Super. at 266, 414 A.2d 256 (attorneys' fees); Vineland Shopping Ctr., Inc. v. De Marco, 35 N.J. 459, 471, 173 A.2d 270 (1961) (sewerage charges); Univ. Court v. Mahasin, 166 N.J.Super. 551, 553-54, 400 A.2d 133 (App.Div.1979) (attorneys' fees). So long as parties to a lease have agreed in writing to describe other fees as rent, our law makes provision for the collection of such charges in a non-payment of rent case. See Id. at 554, 400 A.2d 133.
"On the other hand, the force of this type of provision may be limited by... federal law [because of] [t]he Supremacy Clause of the United States Constitution[,]... U.S. Const., art. VI, cl. 2." Hous. Auth. & Urban Redev. Agency of Atlantic City v. Taylor, 171 N.J. 580, 587, 796 A.2d 193 (2002) (citing Harris, supra, 155 N.J. at 242, 714 A.2d 282). Thus, in the closely analogous case of a public housing program, the Court has held that a "state law authoriz[ing] [a public housing authority] to designate certain charges such as attorneys' fees and late charges, as `additional rent'" in a summary dispossess proceeding conflicted with and was preempted by 42 U.S.C.A. § 1437a(a)(1) (Brooke Amendment), which limits the amount of rent that public housing tenants can be charged. Taylor, supra, 171 N.J. at 593, 796 A.2d 193. The Court reasoned that "[a]llowing such charges to be considered rent would increase tenant rent beyond the thirty percent limit established by the Brooke Amendment." Ibid.
We therefore hold that state law is preempted by federal law. Thus, the additional charges sought by the Housing Authority are not tenant rent due under the lease. Charges that exceed the thirty percent cap may be permissible, if allowed under other provisions, *324 but cannot be considered or treated as rent, and therefore cannot serve as the basis for a summary dispossess action for nonpayment of rent.
[Id. at 595, 796 A.2d 193.]
Although Taylor involved the Public Housing Program, we see no difference in the application of preemption principles to the Housing Choice Voucher Program at issue here. Both programs are created under the United States Housing Act, 42 U.S.C.A. § 1437a(a)(1); both share the same principle of assisting low income families with affordable housing; both set an income limit on the amount of rent collectable by a landlord; and both apply to federally funded providers of housing of last resort. Thus, where a tenant is the benefactor of federally subsidized housing, 42 U.S.C.A. § 1437f(o)(2)(A) governs the amount of rent for which a tenant may be held responsible. In the case of federally-assisted housing the amount of rent due is limited by federal law. Harris, supra, 155 N.J. at 233, 714 A.2d 282. "[F]ederal law and regulations, rather than state law, ... govern in the public housing context." Taylor, supra, 171 N.J. at 588, 796 A.2d 193.
The Section 8 subsidy program here is governed by 42 U.S.C.A. § 1437f. Federal regulations prohibit an owner landlord from demanding rent which is in excess of the amount set under the program. 24 C.F.R. 982.451(b) specifically states:
(4)(i) The part of the rent to owner which is paid by the tenant may not be more than:
(A) The rent to owner; minus
(B) The PHA housing assistance payment to the owner.
(ii) The owner may not demand or accept any rent payment from the tenant in excess of this maximum, and must immediately return any excess rent payment to the tenant.
(emphasis added.)
As noted, defendant in this case was given a full rent subsidy, and there was no claim by plaintiff landlord in the eviction action that any monies were due and owing from the Section 8 program. Instead, in her non-payment of rent action, plaintiff sought recovery of utility charges, which in effect would have increased defendant's portion of the rent from the zero sum fixed by the Section 8 subsidy program to $490. This, plaintiff was prohibited from doing under federal law. The landlord may not use the terms of its lease to broaden the definition of rent to include utility charges, and to then use this broader definition of rent as a basis for eviction. Indeed, allowing such charges to be considered rent collectible in a summary dispossess action would increase tenant rent beyond the limit established by the Brooke Amendment and in excess of the specific portion fixed by the federal housing subsidy program. We, therefore, conclude that the water and sewage charges in this case cannot be considered or treated as rent, and therefore cannot serve as the basis for plaintiff's summary dispossess action for non-payment of rent.
Plaintiff, of course, had other avenues of relief available to her, such as initiating an action in the Special Civil Part to collect the other charges, Rule 6:1-2(a)(2), or for eviction based on violation of the lease, N.J.S.A. 2A:18-61.1(e). Her choice of the alternative "good cause" ground of non-payment of rent happened, in this instance, to be precluded by federal law, and thus cannot serve as a viable basis for eviction.
The question of remedy remains. Clearly the trial court lacked jurisdiction to grant plaintiff the relief ordered. For that reason, we vacate the judgment of possession and dismiss plaintiff's summary dispossess action. Such disposition should *325 remove any adverse legal consequences to defendant attendant upon her earlier eviction. We do not, however, grant defendant any further relief. Since her eviction, defendant has relocated to other Section 8 eligible housing and presumably innocent third parties occupy the subject premises, whom we choose not to displace.
The judgment of possession is vacated.