**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4700-16T4

CITIMORTGAGE, INC.,

    Plaintiff-Respondent,

v.

LEON COOPER,

    Defendant-Appellant.

_____

        Submitted September 13, 2018 – Decided April 15, 2019

        Before Judges Fuentes and Vernoia.

        On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-037958-14.

        Leon Cooper, appellant pro se.

        Phelan, Hallinan, Diamond & Jones, PC, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

    In this foreclosure matter, defendant Leon Cooper appeals from an order denying the stay of an eviction from a residential property he used as collateral

in a mortgage. Before we address appellant's legal arguments, we will summarize the procedural journey of this case.

I

On March 28, 2008, Leon Cooper and Sharon Cooper[1] executed a promissory note to Village Capital & Investment LLC (Village Capital) to secure a loan in the amount of $255,981.00, payable on April 1, 2038. An allonge[2] attached to the promissory note stated: "without recourse pay to the order of: [(plaintiff),] CitiMortgage, Inc." To secure this loan, the Coopers executed a purchase money mortgage on a property located in the Township of Mount Holly in Burlington County to the Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Village Capital. The mortgage was recorded on April 4, 2008, with the Clerk of Burlington County.

The mortgage contained an acceleration clause causing all payments to become immediately due and payable in the event of default. On September 1, 2011, defendant failed to make the monthly payment and consequently defaulted

---

[1] Sharon Cooper is not a party in this appeal.

[2] When the indorsements on a bill or promissory note have filled all the blank space, it is customary to annex a strip of paper, called an "allonge," to receive the further indorsements. https://thelawdictionary.org/allonge/ (last visited April 3, 2019).

A-4700-16T4

on the mortgage loan obligation, triggering the acceleration clause. On April 30, 2012, MERS, as nominee for Village Capital, assigned the mortgage to plaintiff, CitiMortgage. The assignment was recorded on June 1, 2012, with the Clerk of Burlington County.

On October 15, 2013, appellant filed a Quiet Title action against CitiMortgage, alleging, inter alia, that: (1) the title to the property was clouded; (2) there was no transfer of ownership between Village Capital and CitiMortgage; (3) CitiMortgage lacked standing because it was not a real party in interest as it was only a loan servicer and debt collector; (4) the debt had been discharged in full; and (5) there had been an invalid assignment of the deed of trust.

CitiMortgage filed a motion for summary judgment seeking the dismissal of appellant's Quiet Title action as a matter of law. On April 30, 2014, Judge Karen L. Suter, the General Equity Judge in the Burlington County vicinage at the time, granted CitiMortgage's motion and dismissed appellant's Quiet Title complaint with prejudice. Judge Suter provided the following explanation in support of her ruling:

> [Defendants did] not deny executing the note and mortgage in favor of [Village Capital] on March 28, 2008. There is an allonge showing the note was specifically indorsed to [CitiMortgage].

> [CitiMortgage] certifies it holds the original note. With respect to the mortgage, this was assigned to [CitiMortgage] on April 30, 2012. . . . This mortgage is held by [CitiMortgage]. They hold the original. Thus, [CitiMortgage] has standing to enforce the note and mortgage as the note was specifically indorsed and it has possession of the original note and mortgage. N.J.S.A. 12A:3-301. [CitiMortgage] then is a holder who can enforce the note. . . .
>
> At its heart, [defendant's] complaint seeks to quiet title . . . . it is clear that there is no cloud to title. While [defendant] seeks to adjudicate the issue of [CitiMortgage's] right to pursue the mortgage and note . . . it is clear that [CitiMortgage] is the holder of the instrument which is specially endorsed in its favor.

On September 11, 2014, CitiMortgage filed a foreclosure action against the Coopers. The Coopers filed an answer and counterclaim against CitiMortgage, which Judge Suter dismissed with prejudice on December 29, 2014. On April 24, 2015, Judge Suter denied the Coopers' motion for reconsideration. The matter proceeded from this point forward as an uncontested foreclosure action. Thereafter, the Coopers filed a motion for summary judgment seeking to dismiss with prejudice the foreclosure action. Judge Suter denied this motion on June 4, 2015. Undaunted, the Coopers continued to file a series of meritless motions challenging CitiMortgage's standing to enforce the note and mortgage, and challenging the assignment of the mortgage. In denying each of these motions, Judge Suter explained that the

doctrine of res judicata barred defendants from continuing to challenge the final judgment granted to CitiMortgage by way of summary judgment.

On July 29, 2015, Judge Innes, P.J.Ch.[3], entered final judgment against the Coopers in the amount of $333,422.75. Judge Innes ordered the mortgaged property to be sold to satisfy the amount owed by the Coopers and entered a Writ of Execution directing the Burlington County Sheriff's Office to conduct a sale of the mortgaged property.

On September 14, 2015, Judge Suter denied the Coopers' motion to vacate the final judgment of foreclosure. On December 28, 2015, Judge Paula T. Dow denied the Coopers' motion to dismiss CitiMortgage's complaint. Judge Dow also barred defendants from "filing further motions seeking to challenge [CitiMortgage's] standing to foreclose and/or the validity of the instant foreclosure action[,]" determining that "it appears that [defendant's] continual filing of meritless motions appears to be simply a tactic to delay foreclosure proceedings."

On March 17, 2016, CitiMortgage sent defendants a notice of Sheriff's Sale, which was scheduled for April 7, 2016, and subsequently rescheduled for July 7, 2016. Defendants thereafter unsuccessfully attempted to remove the case

---

[3] Presiding Judge of Chancery Division. See R. 1:37-3.

A-4700-16T4

to the United States District Court for the District of New Jersey. The District Court remanded the matter to the Superior Court on April 20, 2016. Judge Dow denied defendants' emergent motion to stay the Sheriff's Sale on June 30, 2016.

In a Sheriff's Sale held on July 7, 2016, CitiMortgage acquired title to the property for $100. Insolently disregarding Judge Dow's previous admonition, defendants filed another motion to vacate the final judgment, and a motion to stay the Sheriff's Sale that, by that time, had already been completed. Judge Dow denied these motions on July 22, 2016. The Sheriff's Deed was issued to CitiMortgage and recorded on February 22, 2017.

On March 3, 2017, CitiMortgage filed a Writ of Possession. Defendant filed an emergent application to stay the eviction. On April 25, 2017, Judge Dow denied the application without prejudice because, at that time, the eviction had not yet been scheduled. The Burlington County Sheriff scheduled the eviction for July 11, 2017. Defendant filed a motion to stay the eviction, which Judge Dow denied on July 5, 2017. On July 7, 2017, defendant filed an Application for Permission to File an Emergent Motion with this court, seeking a stay of the eviction, which our colleague Judge Joseph L. Yannotti denied for the following reasons:

> We have considered the application in light of the criteria in Crowe v. DeGioia, 90 N.J. 126, 132-34

A-4700-16T4

(1982), and conclude that defendants have failed to establish a likelihood of success on the merits of an appeal from the trial court's order of July 5, 2017, which denied defendants' motion to stay the eviction. Defendants also have not shown that they would be irreparably harmed if the relief they seek is denied. We note that the property was sold at a sheriff's sale held on July 7, 2016, and defendants have had about a year to make plans to relocate.

Once again, showing an utter disregard for the rule of law, defendants thereafter filed a second Application for Permission to File an Emergent Motion, which was promptly denied by our colleague Judge Marie P. Simonelli, because "[t]he relief sought in this application has already been denied by orders entered by this court and the Supreme Court on July 7, 2017."

Defendants were finally evicted from the property on July 11, 2017. On July 7, 2017, the same date that Judge Yannotti denied defendant's application for emergent relief, appellant Leon Cooper filed a notice of appeal challenging Judge Dow's July 5, 2017 order denying the motion to stay the eviction.

II

Against this procedural history, appellant raises the following arguments which we recite verbatim in the interest of clarity.

I. The Trial Court Erred In [Denying] Appellants['] Order To Stay Eviction[,] Allowing The [Respondents] To Take The [Appellants'] Home And Land By Way Of

7

[Extortion] Causing [Irreparable] Harm To The Appellant And [Their] Family.

II. The Trial Court Erred In [Denying] Appellants Order To Stay Eviction[,] The [Respondent] Has Not [Suffered] Any Damages Or Loss For The Award Granted Because Citimortgage[,] Inc. Breached [Its] Duty Of Care To Appellants As An Invited Guest To Their Home.

III. The Trial Court Erred In [Denying] Appellants Order To Stay Eviction [Because The] Fha Loan And Purchase Money Mortgage Are Not Mutually Exclusive Here The P.J. . . . Is [Representing] Fact Citimortgage[,] Inc. Breached Their Duty Of Care To Appellants As An Invited Guest To Their Home.

IV. The Trial Court Erred In [Denying] Appellants Order To Stay Eviction To Say That The [Respondent's] Equity Outweigh[s] The Appellants Is Outrageous [Appellants] Are Entitled To Recoupment 3x The Amount Of The Final Judgment Amount Of $333,422.75 For The Lost Note Breached Their Duty Of Care To Appellants As An Invited Guest In Their Home.

V. The Trial Court Erred In [Denying] Appellants Order To Stay Eviction[,] Common Law Lien [Supersedes] Foreclosure Citimortgage, Inc. Breached Their Duty Of Care To Appellants As An Invited Guest To Their Home.

VI. The Trial Court Erred In [Denying] Appellants['] Order To Stay Eviction[,] The Appellants Have Not Been Compensated For [Their] $260,000.00 Warranty Deed. [Appellants] Own The Land Fee Simple But Was Forced Off By Armed [Sheriff Officers].

A-4700-16T4

Citimortgage Inc. Breached [Its] Duty To Appellants As An Invited Guest To Their Home.

VII. The Trial Court Erred In [Denying] Appellants Order To Stay Eviction [Because] The [Foreclosure] Complaint Should Have Been Dismissed Citimortgage Inc. Breached [Its] Duty Of Care To Appellants As An Invited Guest To Their Home.

VIII. The Trial Court Erred In [Denying] Appellants Order To Stay Eviction Violating The Appellants Right To [Statutory] Rights To [Redemption] [Its] Duty Of Care To Appellants As An Invited Guest In Their Home.

IX. The Trial Court Erred In [Denying] Appellants['] Order To Stay Eviction Citimortgage Inc. Breached [Its] Duty Of Care To Appellants As An Invited Guest [In] Their Home.

Based on settled principles of law, we are satisfied appellant's challenge to Judge Dow's July 5, 2017 order is moot.

An issue is moot when this court's "decision sought in a matter, when rendered, can have no practical effect on the existing controversy." See Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011); see also Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) (stating in the context of a landlord-tenant matter, "[o]rdinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot"). Here, appellant's notice of appeal specifically identifies

9

Judge Dow's July 5, 2017 order denying his application to stay the eviction, following the Sheriff's Sale of the mortgaged property. Appellant was evicted from this property on July 11, 2017. Consequently, the appeal is dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4700-16T4