**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5506-18T1

FEDERAL HOME LOAN,

    Plaintiff-Respondent,

v.

PEGGY ANNE REINHARDT,

    Defendant-Appellant.

_____

Submitted July 28, 2020 – Decided August 5, 2020

Before Judges Sumners and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-040191-15.

Peggy Anne Reinhardt, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

Defendant Peggy Anne Reinhardt appeals from a July 10, 2019 order denying her motion for a stay of eviction. Because defendant has been evicted, we dismiss her appeal as moot.

Defendant's eviction relates to a final judgment of foreclosure obtained by plaintiff Federal Home Loan Mortgage Corporation on August 18, 2017, arising from defendant's default on a promissory note. Defendant pledged her residential property as collateral for payment of the note and executed a non-purchase money mortgage. After the entry of the foreclosure judgment, defendant received two statutory adjournments of the scheduled sheriff's sale. The sheriff's sale eventually took place on November 27, 2018, and plaintiff purchased the property at the sale.

Plaintiff obtained a writ of possession on April 4, 2019 and scheduled defendant's eviction for July 17, 2019. Defendant's requests for a stay of the eviction were denied by the trial court, an appellate court, and the Supreme Court for failure to demonstrate grounds for emergent relief consistent with Crowe v. DeGioia, 90 N.J. 126 (1982). According to plaintiff, "the eviction was completed" on July 17, 2019.

A-5506-18T1

On appeal, defendant timely challenges only the July 10, 2019 order denying a stay of her eviction. However, defendant's arguments on appeal related to the August 2017 final judgment of foreclosure.

In April 2018, defendant was granted the opportunity to file a motion to vacate the foreclosure judgment. However, she failed to do so. Nor did defendant file an appeal from the foreclosure judgment. Thus, defendant's arguments related to the foreclosure judgment are untimely and are not properly before this court.

Having reviewed the record, we are satisfied that defendant's challenge to the July 10, 2019 order denying a stay of eviction is moot. An issue is moot when "our decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006)). See also Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) (holding in the context of a landlord-tenant matter, "[o]rdinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot").

Defendant's notice of appeal identified the July 10, 2019 order denying her application to stay the eviction, following the sheriff's sale of the mortgaged property after a final judgment of foreclosure. Since purchasing the property in November 2018, plaintiff paid all carrying costs associated with the property. Defendant exhausted her entitlement to the statutory stays of the sheriff's sale related to the foreclosure action and the hardship stays associated with plaintiff's eviction action. Her request for a stay of eviction was denied by three different courts.

Defendant is no longer in possession of the property because she was evicted on July 17, 2019. Thus, defendant's appeal of the trial court's denial of a stay of the eviction is dismissed as moot.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5506-18T1