**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3256-18T4

U.S. BANK, NATIONAL
ASSOCIATION, AS LEGAL
TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST,

     Plaintiff-Respondent,

v.

VALTAIR SOUZA,

     Defendant-Appellant

and

MRS. VALTAIR SOUZA, his wife,
NADIA SOUZA, MR. SOUZA,
husband of NADIA SOUZA, NEW
CENTRY SERVICES, INC.

     Defendants.

_____

Submitted October 19, 2020 – Decided December 14, 2020

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-000568-16.

Valtair Souza, appellant pro se.

Romano Garubo & Argentieri, Counselors at Law, LLC, attorneys for respondent (Emmanuel J. Argentieri, on the brief).

PER CURIAM

In this residential foreclosure case, pro se defendant Valtair Souza appeals from the March 1, 2019 order denying his motion to quash.[1] After carefully reviewing the record and the arguments of the parties, we affirm substantially for the reasons expressed in Judge Joseph P. Perfilio's oral decision.

I.

This case has a long and complex procedural history. In March 2006, defendant executed a note secured by a mortgage on the house he and his wife shared in Kenilworth, New Jersey. The original lender, Countrywide Bank, issued a mortgage loan with a principal amount of $525,000. Thereafter, the

---

[1] As we explain infra, although defendant's motion was titled as a motion to quash, the trial court recognized that the substantive relief sought in that motion was in actuality either a motion for new trial under Rule 4:49-1 or a motion for relief from judgment under Rule 4:50-1.

note and mortgage were respectively delivered and assigned to other institutions and eventually to plaintiff, U.S. Bank National Association (U.S. Bank).

On August 1, 2009, defendant defaulted on the note by failing to make an installment payment. He has made no payments since. In June 2014, plaintiff's predecessor-in-interest, ALRP,[2] served defendant with Notice of Intent to Commence Foreclosure proceedings (NOI). Defendant failed to cure the mortgage default. Accordingly, ARLP filed a foreclosure complaint in January 2016.

After denying several motions to dismiss and for summary judgment, the Chancery court conducted a bench trial on February 21, 2017, where it found that the note and mortgage were valid, that defendant had defaulted, that ARLP had standing to bring the case, and that defendant had been served with a valid NOI. The court also found that defendant's defenses and counterclaims lacked both legal merit and evidentiary support. Accordingly, it determined that ARLP satisfied all the elements to prosecute a non-contested foreclosure and struck defendant's answer and counterclaims so the matter would proceed uncontested.

---

[2] That is, Christina Trust, a Division of Wilmington Saving Fund Society, as Trustee for ARLP Trust.

A-3256-18T4

Over the next two years, defendant filed a series of motions intended to forestall foreclosure, all of which were ultimately unsuccessful. These include two motions to vacate and dismiss the complaint in April 2017 and July 2018, a February 2018 motion to vacate the court order substituting U.S. Bank as party plaintiff, an August 2018 motion to remove the action to federal district court, a December 2018 appeal of the district court's subsequent order to remand, and two additional motions filed in November 2018 and February 2019 to vacate the court's order of final judgment and to stay the sheriff's sale.

Judge Perfilio addressed this last February 2019 motion on March 1, 2019. Although this motion was captioned as a "motion to quash," the judge recognized that defendant in effect sought to reopen the court's judgment rendered after a full trial two years prior and to stay the sheriff's sale, and accordingly evaluated defendant's motions under those standards. In a detailed oral opinion, Judge Perfilio reaffirmed his trial findings that plaintiff had prevailed on the three material issues of foreclosure[3] and defendant had failed to raise any successful defenses at trial, and further held that defendant failed to

---

[3] To prevail in a foreclosure action, a plaintiff need only prove (1) the validity of the note and mortgage; (2) the alleged default; and (3) the right to foreclose. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993).

A-3256-18T4

meet any of the Crowe standards for injunctive relief.[4] To the latter point, the court held that the first three Crowe requirements weighed against defendant since the case had already been adjudicated on the merits in plaintiff's favor, and that the relative hardships favored plaintiff insofar as it would have to expend additional monies to continue litigating a case where final judgment had already been entered in its favor.

In defendant's notice of appeal and case information statement, he contests only Judge Perfilio's March 1, 2019 order. He does not list any of the numerous other orders entered in these proceedings.

Plaintiff continued with the foreclosure despite the pendency of this appeal. Defendant, meanwhile, continued to oppose these proceedings in the Chancery Division. Defendant exercised both of his two-week statutory adjournments. As a result, the sheriff's sale was rescheduled from April 10 to May 8, 2019. Thereafter, the trial court granted defendant's application for an order to show cause to stay the sale, further postponing the sale to June 5, 2019.

---

[4] Under Crowe v. Di Gioia, a movant seeking injunctive relief must demonstrate four prerequisite conditions: (1) the need to prevent irreparable harm, (2) a claim resting upon settled law, (3) a reasonable probability of success on the merits, and (4) a favorable result when balancing the relative hardships of the parties. 90 N.J. 126 (1982).

On May 28, 2019, defendant deeded the property to an Arthur Jenkins[5] and filed another application to stay the June 5, 2019 sale, which the trial court denied. On June 5, defendant presented the sheriff's department with the deed to Jenkins along with a bankruptcy filing from Jenkins dated May 29, 2019. When defendant learned that the sale would continue as scheduled, he again filed yet another stay application, which the court again denied. That same day, defendant filed for Chapter 7 bankruptcy to further forestall the sale.

Plaintiff filed a motion with the bankruptcy court for stay relief and prospective stay relief regarding future filings concerning the property. The bankruptcy court granted plaintiff's motion on July 16, 2019. Plaintiff purchased the property at the sheriff's sale on July 17, 2019. On July 22, 2019, defendant voluntarily dismissed his bankruptcy petition. Plaintiff recorded the sheriff's deed on August 30, 2019.

II.

As a threshold matter, we first address plaintiff's contention that this appeal is moot because (1) plaintiff purchased the subject property at the sheriff's sale and thus already possesses the deed and (2) defendant purportedly conveyed his interest in the property to Arthur Jenkins.

---

[5] Mr. Jenkins is not party to this case.

A-3256-18T4

We consider an issue moot when "our decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 221–22 (App. Div. 2011) (citations omitted). However, we may "consider the merits of an issue notwithstanding its mootness if significant issues of public import appear." Id. at 222. In Deutsche Bank, we elected to address a foreclosure action on the merits after a sheriff sale because the plaintiff had "not demonstrated that the rights of a third party would be affected by our consideration of the issues." Ibid. We also deemed the defendant's arguments were important, warranting that we address the merits. Ibid. We ultimately determined the bank lacked standing to foreclose when it filed the complaint only one day before it received assignment of the mortgage. Ibid.

In Mony Life Ins. Co. v. Paramus Parkway Bldg., Ltd., we held that an appeal was not moot "simply because the defendant satisfied the mortgage note in full." 364 N.J. Super. 92, 101 (App. Div. 2003). We reasoned the payment did "not extinguish [the defendant's] right to challenge the judgment. To be sure, the mortgage merges into the final judgment of foreclosure and the mortgage is extinguished; however, the judgment still remains." Ibid.

Applying these general principles to the record before us, we decline plaintiff's invitation to dismiss this appeal as moot. Although the record reflects that plaintiff obtained the deed to the property at the sheriff sale, defendant's brief claims that he "owns and resides at" the property, which plaintiff did not dispute in its response brief. Were we convinced that defendant had already been evicted, we would be more inclined to dismiss this appeal as moot. However, in the absence of definitive evidence that defendant has been evicted, and in the interest of according finality to the issues remaining in this protracted litigation, we will consider defendant's contentions on the merits. See Mony Life, 364 N.J. Super. at 101 ("[s]ince unresolved issues yet exist as to the final judgment, defendant's appeal is not moot.") (quoting Advance Elec. Co. v. Montgomery Twp. Bd. of Educ., 351 N.J. Super. 160, 166–67 (App. Div. 2002)). Cf. Sundersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) ("Ordinarily where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot.").[6]

III.

---

[6] We add that the deed transfer, which was characterized as a gift for no value, grants a property interest to "Arthur Jenkins, a Single Man as Joint Tenants[sic] With Rights." This deed purportedly adds Jenkins as a joint tenant with defendant and his wife and does not purport to extinguish defendant's interest in the property. Thus, it has no bearing on whether this appeal is moot.

A-3256-18T4

Because we affirm based on the reasons patiently explained by Judge Perfilio in his thorough oral opinion, our substantive analysis does not require extensive discussion. "The scope of appellate review of a trial court's fact-finding function is limited. The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411–12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). Accordingly, an appellate court should not disturb the trial court's factfinding unless the court is "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 412 (quoting Rova Farms, 65 N.J. at 484).

Furthermore, "[t]he decision whether to grant [a motion to vacate a final judgment] is left to the sound discretion of the trial court." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting Mancini v. EDS ex rel. N.J. Auto Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). "The trial court's determination . . . warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion." Ibid. (second alteration in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 2009 N.J. 449, 467 (2012)).

Defendant has not shown that the trial court's decision constituted a clear abuse of discretion. Ibid. Although the contentions in defendant's brief appear to object to the Chancery court's February 21, 2017 bench trial decision, that particular decision is not contained within the four corners of defendant's notice of appeal. As a general rule of appellate practice, "only the judgment or orders designated in the notice of appeal . . . are subject to the appeal process and review." 1266 Apt. Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465–66 (App. Div. 1994)). See also Fisco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461–62 (App. Div. 2002) (declining to address summary judgment on appeal because the order granting summary judgment was not before the court); Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) ("[I]t is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review."). We appreciate that defendant is self-represented, but it is well-settled that pro se litigants are "required to follow accepted rules of procedure promulgated by the Supreme Court to guarantee an orderly process. Such litigants are also presumed to know, and are required to follow, the

statutory law of this State." Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 224 (App. Div. 1989).

The majority of defendant's substantive contentions relate to plaintiff's acquisition of the note and mortgage. Those issues have been litigated repeatedly.[7] We are satisfied that the chancery court's findings with respect to plaintiff's standing are supported by "adequate, substantial, credible evidence." Cesare, 154 N.J. at 411–12 (citing Rova Farms, 65 N.J. at 484).

We likewise reject defendant's oft-repeated contention that the transfers of his mortgage and note to the current plaintiff were improper. As the Chancery court aptly recognized in its August 3, 2018 statement of reasons, "[defendant is] not a party to the assignment or a third-party beneficiary of any assignment who can bring about the argument."

---

[7] In his thorough August 3, 2018 written statement of reasons, Judge Perfilio explained "[d]efendant has raised these issues at trial and on previous motions and the court has found that they are without merit. Specifically, this [trial] court previously found that the prior plaintiff in this matter . . . presented overwhelming proof that the mortgage was valid." The judge also addressed defendant's recurring argument that plaintiff "is not in possession of the note and . . . cannot establish standing because the prior [p]laintiff did not have standing." Ultimately, Judge Perfilio "once again" found that defendant's contentions "with respect to the previous plaintiff's standing at the time the complaint was filed and the chain of title prior to June 30, 2017 assignment are without merit."

Finally, we also reject defendant's related contention that summary judgment was improper because plaintiff failed to prove chain of custody of the note and the note was not endorsed by plaintiff. Defendant argues there is a genuine issue of material fact in dispute. The record belies that contention.

A court must grant summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2. When reviewing a motion court's grant of summary judgment, the appellate court uses the same standard as the motion court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). At the outset, the appellate court must decide whether there was a genuine issue of fact. Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987). If there is no genuine issue of fact, the court must decide whether the lower court correctly ruled on the law. Ibid.

In the present case, the Chancery court determined on several occasions that plaintiff provided extensive documentation for the transfers of the note and mortgage. Based on our review of the record, we are satisfied that there is no genuine dispute of a material fact with respect to plaintiff's acquisition of the

note and mortgage. Accordingly, summary judgment was properly granted in plaintiff's favor.

We conclude by noting that to prevail in a foreclosure action, a plaintiff need only prove (1) the validity of the note and mortgage; (2) the alleged default; and (3) the right to foreclose. Great Falls Bank, 263 N.J. Super. at 394. These three foundational requirements were fully and fairly litigated at trial and rehashing them will not lead to a different result. There comes a point when hard-fought litigation must end. We have reached that point. It is now time for the parties to move on.

To the extent we have not specifically addressed them, any remaining contentions raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3256-18T4