**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3666-23

NORTHGATE I APARTMENTS,

    Plaintiff-Respondent,

v.

BEATRIZ IZQUIERDO
AND ALL OTHER OCCUPANTS,

    Defendant-Appellant.

_____

Submitted June 4, 2025 – Decided July 9, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-008192-24.

South Jersey Legal Services, Inc., attorneys for appellant (Sonia Bell, on the brief).

Greenblatt, Lieberman, Richards & Weishoff, LLC, attorneys for respondent (Nicolas G. Rotsides, on the brief).

PER CURIAM

Defendant Beatriz Izquierdo appeals from the July 11, 2024 order for possession of an apartment owned by plaintiff Northgate I Apartments (Northgate). For the reasons that follow, we dismiss the appeal.

Northgate is a four-hundred-unit Section 8[1] apartment complex, which Northgate purchased from the former owner, Camden 7 Realty LLC (Camden 7), in January 2024. In 2017, years prior to Northgate's acquisition of the complex, Izquierdo applied for a one-bedroom apartment and was placed on a waitlist.

During the show cause hearing in this matter, Izquierdo testified Camden 7's property manager, Tanya Jones,[2] notified her that Andre Lopez, Jr., a tenant and friend of Izquierdo, was moving out of his studio apartment. According to Izquierdo, Jones told her she could rent the studio for a year and Jones would contact her if a one-bedroom apartment became available. Izquierdo testified Jones "approved" her tenancy and gave her the apartment keys in May 2022.[3]

---

[1] Section 8 is a federal housing assistance program administered by the United States Department of Housing and Urban Development (HUD). See 42 U.S.C. § 1437f.

[2] At the time of the hearing, Jones was deceased.

[3] A text message from Izquierdo to Jones indicated Izquierdo obtained the keys directly from Lopez.

A-3666-23

According to Izquierdo, Jones explained Izquierdo's name could not be on the lease because Lopez failed to pay all rent due. Jones instructed Izquierdo to pay rent under Lopez's name until she could "figure things out" with the lease, and reassured her the lease would be changed. Jones helped Izquierdo with the HUD application paperwork and showed her how to fill out the money orders for the rent payments. Izquierdo testified Jones instructed her to write Lopez's name and apartment number on the money orders.

After Northgate purchased the property from Camden 7, Izquierdo's attorney sent Northgate a formal demand letter to formalize Izquierdo's lease consistent with the representations made by Jones. Instead, on May 16, 2024, Northgate filed an application for an order to show cause for ejectment in the Special Civil Part, seeking removal of Izquierdo and her personal belongings. The accompanying verified complaint alleged Izquierdo never paid any rent to Northgate and the parties had no landlord-tenant relationship.

After a two-day hearing, the trial court granted Northgate's application. In its July 11, 2024 oral decision, the court found Izquierdo did not produce any documentation to corroborate her testimony that Jones permitted her to reside in Lopez's apartment while her HUD application was pending. The court noted

3

that even if Jones did so, her actions were "without authority and without being consistent with any of the HUD or Section 8 . . . rental assistance requirements."

Izquierdo's request for a stay was denied by the trial court, and her motions for emergent relief pending appeal were denied by this court and our Supreme Court. As a result, Izquierdo vacated the apartment, which Northgate leased to a new tenant.

On appeal, Izquierdo argues the ejectment order was an error because she was a functional co-tenant with a colorable claim of possession; the trial court erred in determining Izquierdo failed to satisfy the third prong of Maglies v. Estate of Guy, 193 N.J. 108 (2007); Camden 7 was bound by Jones's actions; and Izquierdo had an independent colorable claim of possession.

In opposition, Northgate argues the issues raised by Izquierdo on appeal are moot. We agree.

"Courts normally will not decide issues when a controversy no longer exists, and the disputed issues have become moot." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). An issue is considered moot "when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (quoting N.Y. Susquehanna & W. Ry.

Corp. v. N.J. Dep't of Treasury, Div. of Tax'n, 6 N.J. Tax 575, 582 (Tax 1984), aff'd, 204 N.J. Super. 630 (App. Div. 1985)).  "Ordinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot."  Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005).

Because Izquierdo no longer resides in the apartment, and the apartment has been leased to another tenant, the issues raised on appeal are moot. Izquierdo was never approved for receipt of Section 8 housing assistance and therefore we discern no "residual legal consequences potentially adverse to [her]" that would compel us to decide the merits of this appeal.  Ibid. (declining to dismiss an appeal as moot because the defendant's Section 8 subsidy could be revoked as a result of the eviction).

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3666-23