**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0883-24

HH NORTHRIDGE LLC,

     Plaintiff-Appellant,

v.

IZAIAH ALEXANDER,

     Defendant-Respondent.

_____

          Argued October 27, 2025 – Decided December 10, 2025

          Before Judges Natali and Walcott-Henderson.

          On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. LT-002416-24.

          Thomas M. Pohle argued the cause for appellant (Lori C. Greenberg & Associates, attorneys; Lori C. Greenberg and Thomas M. Pohle, on the brief).

          Luke Coffey argued the cause for respondent (South Jersey Legal Services, Inc., attorneys; Luke Coffey and Kenneth M. Goldman, on the brief).

PER CURIAM

     In this landlord-tenant matter, plaintiff HH Northridge, LLC, (landlord)

appeals from the October 11, 2024 order dismissing its summary dispossess action against its tenant, defendant Izaiah Alexander. Plaintiff argues because the payment of "heat/gas bills" are required by the operative lease signed by defendant, the court erred in finding defendant was not subject to eviction for non-payment of utilities. Under the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12., which allows for the removal of a tenant for a breach of lease provision.[1] We affirm.

The relevant facts are undisputed. Plaintiff is the owner of property located in Pleasantville. Defendant has occupied the property owned by plaintiff since 2015 or 2016 pursuant to a voucher from the U.S. Department of Housing and Urban Development's Section 8 Tenant-Based Assistance Housing Choice Voucher Program ("Section 8"). See 24 C.F.R. § 982; 42 U.S.C. § 1437f.

In October 2022, plaintiff's third-party contractor, Monitor Data Corporation ("Monitor") installed a natural gas submeter at the premises.[2] Almost a year later, defendant signed an agreement titled "Tenant Approval of Rental Increase," in which his rent went from $1,385 to $1,485, effective

---

[1] The Anti-Eviction Act does, however, allow for the removal of a tenant for a violation of the lease under specific circumstances. See N.J.S.A. 2A:18–61.1(e).

[2] We glean from the record that prior to the installation of the meter, defendant was not required to pay for gas.

A-0883-24

October 1, 2023 in "accordance with the terms and conditions of the Housing Choice Voucher Total Tenant Payment Determination."

Of the $1,485 monthly rent, defendant was responsible for $131 per month. The balance was payable by Section 8, administered by the New Jersey Department of Community Affairs ("DCA").

More particularly, the operative lease provides in part:

MONTHLY RENT: $1,485

LATE CHARGE: []Greater of $35 or 5% of [b]alance. . . . []These charges are included as additional rent under the [l]ease.

. . . .

Landlord [(Plaintiff)] agrees to pay for the following services and utilities, if checked:

WATER: [(checked)]

HEAT/GAS: <u>BILLED AS RENT</u>

ELECTRIC: [(left blank)]

AIR CONDITIONING: [(checked)]

. . . .

2. CHARGES WHICH ARE ADDITIONAL RENT [sic]: The following are fees which, when incurred, are due as additional rent and collectable as additional rent from tenant:

3

[The list of fees does not include "gas," "utilities," nor "heat."]

. . . .

(h)    Other: Any other charges set forth in this [l]ease which when incurred are considered additional and collectable as additional rent. . . .

[(emphasis added).]

A rider attached to the lease under the heading "RULES AND REGULATIONS" further stated, in part:

8. Gas and electric bills, if applicable, must be paid by [defendant] in a timely manner and the failure to do so is considered a material breach of the lease.

. . . .

27. Any violation of the above [r]ules and [r]egulations is a material breach of the [l]ease and  shall entitle [plaintiff] to terminate [defendant's] possession of the premises in accordance with the law. . . .

[(emphasis added).]

According to defendant, he began receiving "gas bills" from Monitor, which he admittedly did not pay, although he made all timely rent payments.

Plaintiff notified defendant via a "notice to cease" of "unpaid gas charges," and demanded $1,240.52 in "additional rent."  Approximately one month later, plaintiff sent a "notice to quit" for "fail[ing] to pay [] gas charges,"

4

and again demanded $1,240.52 as payment towards utility arrears, but specifying the balance owed was $1,138.32.

A few months later, plaintiff forwarded a third notice to defendant titled, "Notice to Vacate . . . Unpaid Rent Due," demanding defendant pay "any outstanding rent," and encouraging defendant to "inquire with rental assistance programs about [] eligibility and the availability of funds." (emphasis added). The next day, plaintiff filed a two-count summary dispossess action for nonpayment of rent and violation of the lease's rules and regulations. A bench trial commenced on September 30, 2024, with the court finding "a substantial legal issue with regard to this case" and requesting supplemental briefing on whether "in light of the fact that [defendant] is a Section 8 recipient, can a charge that could not be counted as additional rent, then serve as the basis for eviction, citing it as a violation of the lease agreement?"

At the conclusion of the bench trial and review of the submissions, the court dismissed plaintiff's complaint, finding the classification of non-payment of utility charges to be "a violation of the lease agreement is . . . in direct contradiction" to the law, and "case law prohibit[s] this [plaintiff] from seeking the removal of this tenant on the basis of any failure to pay any gas charges." In reaching its conclusion, the court specifically relied upon Sudersan v. Royal,

A-0883-24

386 N.J. Super. 246, 254 (App. Div. 2005) and <u>175 Exec. House, L.L.C. v. Miles</u>, 449 N.J. Super. 197, 207 (App. Div. 2017).  This appeal followed.

"As to issues of law our review is de novo:  '[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'"  <u>Rowe v. Bell & Gossett Co.</u>, 239 N.J. 531, 552 (2019) (quoting <u>Manalapan Realty, L.P. v. Twp . Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)).  However, we apply a deferential standard in reviewing judicial factual finding.  <u>Balducci v. Cige</u>, 240 N.J. 574, 595 (2020); <u>State v. McNeil-Thomas</u>, 238 N.J. 256, 271 (2019).  In an appeal from a bench trial, we "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions."  <u>Griepenburg v. Twp. of Ocean</u>, 220 N.J. 239, 254 (2015).  Our review of preemption of state law by federal law is likewise de novo, <u>Hejda v. Bell Container Corp.</u>, 450 N.J. Super. 173, 187 (App. Div. 2017), as is our review of contract interpretations made below.  <u>Serico v. Rothberg</u>, 234 N.J. 168, 178 (2018).

"In a summary dispossess action, 'possession of the premises is the only available remedy for nonpayment of rent.'"  <u>175 Exec. House</u>, 449 N.J. Super. at 202 (quoting <u>Hodges v. Sasil Corp.</u>, 189 N.J. 210, 221 (2007)).  Under our State's Anti-Eviction Act, "[a] judgment of possession may be entered if a

A-0883-24

landlord can prove 'one of the statutorily enumerated 'good cause' grounds for eviction.'" Ibid. (quoting Sudersan, 386 N.J. Super. at 251; N.J.S.A. 2A:18-61.1). "A tenant, [however], cannot be evicted for the failure to pay 'tangential fees such as late charges, attorneys' fees, or costs unless the lease provides that such fees are collectable as rent.'" Ibid. (quoting Cmty. Realty Mgmt. v. Harris, 155 N.J. 212, 242 (1998)) (additional quotations omitted). Our courts have long "held that parties to a residential lease may treat utility charges, attorneys' fees and other costs related to an eviction as 'additional rent.'" Sudersan, 386 N.J. Super. at 252 (citing Cmty. Realty, 155 N.J. at 234); see also Vineland Shopping Ctr., Inc. v. De Marco, 35 N.J. 459, 471 (1961).

In Sudersan, a case involving a residential landlord's summary dispossess action against a tenant who was a recipient of rent subsidies under Section 8, the landlord sought eviction based on nonpayment of water and sewage charges. Defendant was responsible for utility charges that by virtue of the lease addendum were considered additional rent. There, we held the eviction of a Section 8 tenant for utility charges was "precluded by federal law[] and thus cannot serve as a viable basis for eviction." 386 N.J. Super. at 254. And, we explained "[a] landlord may not use the terms of its lease to broaden the definition of rent to include utility charges, and to then use this broader

7

A-0883-24

definition of rent as a basis for eviction." We, however, reserved on determining whether an alternate avenue for relief under "eviction based on violation of the lease, N.J.S.A. 2A:18–61.1(e)," was likewise subject to the same federal preemptive effect. Ibid.

Before us, plaintiff argues defendant violated the operative lease by failing to pay gas charges and thus may be evicted. More particularly, plaintiff asserts a violation of the lease's rules and regulations, specifically the provisions stating: "[a]ny other charges set forth in this [l]ease which when incurred are considered additional and collectable as additional rent"; and "[g]as and electric bills, if applicable, must be paid by [defendant] in a timely manner and the failure to do so is considered a material breach of the lease." (emphasis added).

Following Sudersan, we reject plaintiff's argument the court erred in dismissing its complaint under federal law. We conclude the material breach asserted by plaintiff is that defendant violated the lease by failing to pay gas charges. However, the operative lease explicitly incorporates the gas charges as rent, stating "HEAT/GAS: BILLED AS RENT," and "[a]ny other charges set forth in this [l]ease which when incurred are considered additional and collectable as additional rent."

A-0883-24

We therefore conclude plaintiff's action raises the same issue we addressed in Sudersan, where the court reasoned "the federal system [does] not permit additional rent charges to be used for summary eviction because the effect [is] to increase tenant rent 'in excess of the specific portion fixed by the federal housing subsidy program.'" 175 Exec. House, 449 N.J. Super. at 207 (summarizing Sudersan, 386 N.J. Super. at 254).

We recognized, "the force of [the Anti-Eviction Act] may be limited by . . . federal law because of the Supremacy Clause of the United States Constitution." Sudersan, 386 N.J. Super. at 252. (citing Hous. Auth. & Urban Redevelopment Agency v. Taylor, 171 N.J. 580, 587 (2002); U.S. Const., art. VI, cl.2.). "Federal law and regulations, rather than state law, . . . govern in the public housing context." Id. at 253 (citing Taylor, 171 N.J. at 588). "[W]here a tenant is the beneficiary of [Section 8's Choice Voucher Program], 42 U.S.C.[] § 1437f(o)(2)(A) governs the amount of rent for which a tenant may be held responsible." Ibid.

Moreover, a "state law authorizing a public housing authority to designate certain charges such as attorneys' fees and late charges, as 'additional rent' in a summary dispossess proceeding conflict[] with and [is] preempted by 42 U.S.C.[] § 1437a(a)(1) [("the Brooke Amendment")], which limits the amount

of rent that public housing tenants can be charged." Sudersan, 386 N.J. Super. at 252 (citing Taylor, 171 N.J. at 593) (additional quotations omitted).

Against this backdrop, we are satisfied defendant, a recipient of Section 8 benefits, is not subject to eviction for non-payment of rent, including the gas charges at issue here, even though those charges were included in the operative lease. As it is not disputed that defendant was current on his rental payments, the court did not err in dismissing plaintiff's complaint asserting a breach of lease terms solely related to the non-payment of utility charges as a basis for eviction. Thus, we affirm the court's dismissal of plaintiff's summary dispossession complaint.

To the extent we have not otherwise addressed any of the defendant's remaining arguments, we determine they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0883-24