**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2796-24

BULIN ASSOCIATES, INC.,

    Plaintiff-Respondent,

v.

RICARDO ROMERO t/a
ROMERO UPHOLSTERY,

    Defendant-Appellant.

_____

        Submitted May 27, 2026 – Decided June 12, 2026

        Before Judges Firko and Vinci.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. LT-000915-25.

        Ricardo Romero, self-represented appellant.

        Jeffer, Hopkinson, Vogel & Altman, attorneys for respondent (Allan B. Thompson and David H. Altman, on the brief).

PER CURIAM

In this summary landlord/tenant action based on non-payment of rent by a commercial tenant, defendant Ricardo Romero t/a Romero Upholstery, self-represented, appeals from an April 1, 2025 judgment of possession entered following trial. Based on our review of defendant's arguments in light of the record on appeal, we conclude the issues raised are moot and the appeal should be dismissed.

Following a sheriff's sale, on September 30, 2025, defendant was locked out of the leased premises by the Middlesex County Sheriff pursuant to a writ of possession issued in a separate foreclosure action, 161 Lincoln Lender, LLC v. Lincoln Highway RG Assocs., LLC & Ricardo Romero, No. MID-F-474-22. "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)) (internal quotation marks omitted). "Ordinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot." Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) (citing Ctr. Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 347 (App. Div. 1993)). As a result of defendant's eviction in

2

the foreclosure action, the issues raised in this appeal relating to the judgment

of possession entered in the landlord/tenant action are moot.

Dismissed as moot.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2796-24